Allen, J.
 

 The complaint is upon a single cause of action, founded upon the contract of February, 1861, alleged to have been made with the defendants as executors of John Munro, deceased. All that is averred in relation to services in the action, upon the retainer of the testator, prior to that time, is mere matter of inducement; and there is no allegation of indebtedness by the testator for such services, or claim to recover upon his retainer or promise. It may possibly be inferred that the plaintiffs claimed that the testator was indebted to them at his decease for such services; but it is merely an inference, and the whole claim to recover is made, by the terms of the complaint, to rest upon the special promise of the defendants to pay, upon a contingency which, it is averred, has happened, all that should, at the successful termination of the action, be due the plaintiffs for professional services therein, whether performed before or after the death of the testator. Ho cause of action is stated against the
 
 *365
 
 testator upon and for which the defendants or his representatives are sought to be charged.
 

 It is evident the pleader did not contemplate a recovery upon a cause of action existing against the testator at his decease. The contract relied upon is alleged to have been made by the defendants as executors, in consideration of services thereafter
 
 to be
 
 rendered in vindicating and asserting the claims of the defendants to property and property rights, in their representative capacity, and for the benefit of the estate they represented. The liability assumed was contingent, and the promise was not in consideration of, or supported by, the retainer or agreement of the testator. It was a new contract, entirely independent of the dealings between the plaintiffs and the testator, except as the promise of the defendants, upon the consideration and upon the contingency mentioned in the complaint, included services rendered to the testator in his life. The contract, although made by the defendants in form as executors, did not bind the estate or create a charge upon the assets in the hands of the defendants. If the contract was valid in other respects, it bound the defendants personally, and not as representatives of the decedent.
 
 Chouteau
 
 v.
 
 Suydam
 
 (21 N. Y., 179) was peculiar in its circumstances, and the defendants were sued as executors upon a contract in writing signed by them as such, in a matter concerning the estate, and were held liable in their representative capacity as for money paid for the use of the estate. The question principally considered was as to the form of the execution of the contract, and whether the contract was the contract of the executors as such, or whether it was, in form, the personal contract of the defendants, and whether the executor could compromise the claim without the authority of the surrogate. Whether the contract was such as the executor could make, and thereby bind the estate, does not appear to have been considered. The learned judge who delivered the opinion of the court evidently was not of the opinion that the decision was in conflict with the series of cases in the courts of this State, before then decided, holding
 
 *366
 
 that a contract made by an executor upon a new consideration, although for the benefit of the estate, would not bind the estate. The case was well decided upon its peculiar circum- ' stances, and does not conflict with prior decisions of the courts of this State.' The subject-matter of the contract was, in fact, a contract and liability of the testator, incurred during his life.
 
 Pugsley
 
 v.
 
 Aiken
 
 [1 Kern., 494) was an action upon the contract and lease of the testator, to which the defendant, as executor, had succeeded, and hot upon a new contract of the executors.
 

 The rule must be regarded as well settled, that the contracts of executors, although made in the interest and for the benefit of the estate they represent, if made upon a new and independent consideration, as for services rendered, goods or .property sold and delivered, or other consideration moving between the promisee and the executors as promisors, are the personal contracts of the executors, and do not bind the estate, notwithstanding the' services rendered, or" goods or property , furnished, or other consideration moving from: the promissee, áre such that the executors could properly have paid for the same from the assets, and been allowed for the expenditure in the settlement of their accounts. The principle is, that an executor may disburse and use the funds of the estate for purposes authorized by law, but may hot bind the estate by an executory contract, and thus create a liability not founded upon a contract or obligation of the testator.
 
 (Ferrin
 
 v.
 
 Myrick,
 
 41 N. Y., 315;
 
 Reynolds
 
 v.
 
 Reynolds,
 
 3 Wend., 244;
 
 Demott v. Field,
 
 7 Cow., 58;
 
 Myer
 
 v.
 
 Cole,
 
 12 Johns., 349.) The rule is too well established in this State to be questioned or disregarded; and any departure from it would be mischievous.
 

 lit follows, that the contract of the defendants did not bind the estate represented by them, and that no recovery can be had against them in their representative capacity, or to be levied
 
 de bonis testatoris.
 
 The action is against them as executors, and not as individuals. " They are not merely described as executors by the simple addition of that title to
 
 *367
 
 their names, in which ease the addition might he regarded as a description of the persons, and a judgment authorized against them individually
 
 (Merritt
 
 v.
 
 Seamen,
 
 2 Seld., 168), but they are sued
 
 as
 
 executors. In the entitling of the summons and complaint, the action is stated to be against the defendants “ as executors,” etc. The agreement is averred to have been made by the defendants “ as executors,” and the provision is, “ that the defendants, as executors, would then pay the plaintiffs,” etc., and the demand of relief is for “judgment against the defendants as executors,” etc. The form of the complaint, and the substantive averments therein, as well as the form of the judgment demanded, characterize the action as against the defendants in their representative capacity, and not against them individually. A judgment for the plaintiffs, following the complaint, would be against the defendants as executors, for damages and costs, to be levied
 
 de bonis testatoris.
 
 The word “ as,” prefixed to the title of the defendants, indicates the character in which they are sued.
 
 (Chouteau
 
 v.
 
 Suydam, supra; Henshall
 
 v.
 
 Roberts,
 
 5 East, 150;
 
 Cowell
 
 v.
 
 Watts,
 
 6 id., 405.) The action cannot be converted into one against the defendants individually, by the judgment of the court on the demurrer.
 

 Whether, by proper allegations, upon an amendment, it may be converted into an equitable action to reach funds in the hands of the defendants, the fruits of the litigation in which the services were rendered, or in the alternative for judgment against the defendants personally, may be a question for the pleader, but is not before this court.
 

 The demurrer to the complaint in its present form is well taken, and the judgment of the Supreme Court must be affirmed, with costs, with leave to the plaintiffs to amend on payment of costs within twenty, days after notice that the judgment of this court has been made the judgment of the court below.
 

 All concur.
 

 Judgment accordingly.