By the Court.—Freedman, J.
By the note in question, the defendant promised to pay solely as ex ecutor. He expressly stipulated against a personal *130 liability. The plaintiff's claim stands, therefore, precisely as if Sarah J. Gregory had continued to be executrix, as if as such she had given the note for eighty-seven dollars, in part renewal of the note of five hundred and nine dollars and thirty-three cents, and the action had been brought against her as executrix;
As the rule is well settled that the contracts of. executors, although made in the interest and for the benefit of the estate they represent, if made upon a new and independent consideration moving between the. promisee and the executors as promisors, are the personal contracts of the executors, and do not bind the estate, notwithstanding the consideration moving from the promisee is such that the executors could properly have paid for the same from the assets, and been allowed for the expenditure in the settlement of their accounts (Austin v. Munro, 47 N. Y. 360 ; Ferrin v. Myrick, 41 Id. 315), the plaintiff, in order to succeed, was bound to show that his cause of action arose upon a contract made by the testator in his lifetime, and this he could only do by proving.
1. The claim of Cyrenus Bloodgood against Robert A. Gregory ;
2. That it was not extinguished by the acceptance of the notes : and
3. That he, the plaintiff, by assignment acquired title to such claim to the extent of at least eighty-seven dollars.
The first point may be deemed, for the purposes of this appeal, to have been sufficiently established.
As to the second, the receipt executed by Cyrenus Bloodgood to the executrix on January 12, 1871, if not as conclusive as its language, which is very strong, seems to make it, is, to say the least, strong evidence of an extingishment. Mo explanatory evidence was given to change its legal effect, or the legal effect of the transactions therein recited. True, Cyrenus Bloodgood *131 testified that he took the note of five hundred and nine dollars and thirty-three cents from the executrix to hold the estate. But that is swearing to a mere conclusion. Even if it be assumed; however, that upon the whole • case a fair question of fact did present itself as to the extinguishment of the original cause of action, the plaintiff, in order to get to the jury at all, was still bound to prove an assignment by Cyrenus Bloodgood to Morris S. Bloodgood, and by the latter to himself, the plaintiff, of the original claim against the estate of Robert A. Gregory, deceased, to the extent of at least eighty-seven dollars. He seems to have been fully aware of the necessity of furnishing such proof, for at the commencement of the trial he obtained leave to amend his complaint by setting up such assignments, and the complaint was thus amended, and the answer was amended to deny the fact. The plaintiff rested, however, without giving any such proof. There is not a particle of evidence in the case from which the fact of such assignments can be deduced. The bare indorsement of the notes is wholly insufficient for such purpose. The court erred, therefore, in denying defendant’s motion for a nonsuit and in submitting the case to the jury against defendant’s exception.
The judgment should be reversed, and a new trial ordered, with costs to appellant, to abide the event.
Van Vorst and Speir, JJ., concurred.