PHILIP V. R. STANTON, RESPONDENT, v. ELIZABETH R. B. KING, IMPLEADED WITH JOHN LEVERIDGE AND ANOTHER, EXECUTORS AND TRUSTEES.

*Trust estate — services rendered to — claim for, not a lien — Cestui que trust — not necessary party to action to enforce.*

A party is not liable for any portion of ·a claim for services rendered to a trust estate, by reason of his subsequent receipt of a portion of such trust estate under the provisions of the will creating it, and is not a necessary party to an action against the trustees of such estate to recover a balance of a claim for such services.

In what case a trustee may make a claim for services rendered to an estate a lien upon the trust estate, considered.

APPEAL from an order made at a Special Term overruling a demurrer to a complaint. The demurrer was interposed by the defendant Elizabeth R. B. King, on the grounds of defect of parties, pendency of another action, misjoinder of parties and causes of action, and that the complaint did not state facts sufficient to constitute a cause of action. The action was brought to recover for legal professional services rendered to, and moneys expended for an estate. The trustees under the will and the *cestui que trust*, Elizabeth R. B. King, to whom a portion of the estate had been paid over, were made defendants; no personal claim was made against either of the defendants, but only on the property in their hands, derived from the estate for which the services were rendered.

*James C. Hays*, for the appellant, Elizabeth R. B. King.

*P. S. Crooke*, for the respondent.

BARNARD, P. J.:

It is not important to consider the question whether the trustees under the will of Gilbert W. Bowne could charge the estate with the claim of plaintiff for professional services rendered the estate.

As I read the averments of the complaint, they have not done so. The averment is "that it was understood by said defendants

John Leveridge and Hermance B. Duryea, trustees as aforesaid, and this plaintiff, that the said services were rendered and money paid * * * was to be paid for by them as such trustees out of said estate." This is a precise statement of their legal duty as trustees. The trustees may use the funds of the estate for legal purposes. They cannot bind the estate by any executory contract. (*Austin* v. *Munro*, 47 N. Y., 360; *Ferrin* v. *Myrick*, 41 N. Y., 315.) There is no cause of action set forth against the defendant King.

She is not a necessary party to an action against the trustees to recover a balance of a claim for services rendered, nor is she individually liable to plaintiff for any portion of the plaintiff's claim by reason of her receipt of property under the will of the deceased, Gilbert W. Bowne.

In the case of *Noyes* v. *Blakeman* (2 Seld., 567), there were no funds in the hands of the trustees to resist an action which threatened the destruction of the trust estate. In such an exceptional case the Court of Appeals held that the trustees could establish a lien on the trust estate. Here there is no such claim made. The services rendered were in the management of the estate, and it does not appear but that the trustees had always sufficient funds belonging to the estate, with which to pay plaintiff for his services. Indeed, the contrary appears, that the trustees had abundant means in hand down to the time the estate was transferred to the *cestui que trust* under the will.

I think the order appealed from should be reversed and the demurrer sustained, with leave to plaintiff to amend in twenty days on payment of costs.

GILBERT, J., concurred; DYKMAN, J., not sitting.

Order overruling demurrer reversed with costs and demurrer sustained with costs.