TOBIAS NEW, RESPONDENT, v. AUGUSTUS W. NICOLL, AS
EXECUTOR AND TRUSTEE OF SOPHIA V. D. REYNOLDS,
APPELLANT.

*Trustee — power of, to bind estate by executory contract — special agreement as to — when enforceable.*

Certain real estate was conveyed to the defendant Nicoll, in trust, to receive the rents, issues and profits thereof, and after paying all taxes, assessments and other charges upon it, to apply the rest and residue thereof to the use of a Mrs. Reynolds during her natural life. Nicoll, as trustee, employed the plaintiff to make certain specified necessary repairs upon the buildings; at that time he had no money on hand, but promised to pay therefor out of the rents to be subsequently received. The plaintiff performed the work relying upon this promise and the trust estate. Nicoll subsequently received sufficient money to pay the bill but neglected to do so.

In an action to recover the same from the estate, *held*, that the trustee had no power to bind the estate by his executory contract, and that the action could not be maintained.

*Quære*, whether, if the trustee had caused the expenditure to be made in fulfillment of his duties, and if, having no funds in his hands, he had made a special agreement that such expenditure should be made on the credit of the estate and he be exempt from all personal liability therefor, such agreement could be enforced against the estate in a court of equity.

*Stanton* v. *King* (8 Hun, 4; aff. Court of App. MS.) followed; *Noyes* v. *Blakeman* (3 Sand., 543–544) distinguished.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

From the report of the referee it appeared that in July, 1866, certain premises in the city of New York were conveyed to the defendant Nicoll "in trust, to receive the rents, issues and profits of the said premises, and after paying therefrom all taxes, assessments and other charges upon said premises, to apply the residue to the sole and separate use of Sophia V. D. Reynolds during her natural life."

That Nicoll accepted said deed and entered upon the execution of the trust therein set forth.

That during the months of March and April, 1873, said Nicoll, by virtue of the authority and power vested in him as aforesaid as trustee, employed the plaintiff to make certain specific repairs on

such premises, which said repairs were necessary for the protection and preservation of said premises, and to render them fit for occupation, and promised and agreed to pay the plaintiff therefor out of said rents, issues and profits arising under said trust.

That at the time the defendant Nicoll employed the plaintiff as aforesaid, there were no funds of the trust estate in the hands of defendant Nicoll with which to make said repairs.

That said plaintiff, relying upon said authority and said trust estate, did perform certain work, labor and services, and furnished certain materials on and about the roofs of said buildings during the months of March and April, 1873, worth and of the value of $2,944.95, which sum Nicoll promised and agreed to pay him therefor as aforesaid.

That since the said sum became due the plaintiff as aforesaid, said Nicoll, has received out of the rents, issues and profits from said trust estate and said premises, sufficient moneys to pay all charges upon the estate, including said sum due to the plaintiff as aforesaid, and which were properly applicable to the payment of said claim of plaintiff as aforesaid.

That before the commencement of this action the defendants, and each of them, had neglected and refused to pay the plaintiff said sum, or any part thereof, although the same had been demanded of them.

The referee directed judgment against the defendant Augustus W. Nicoll, as trustee of the late Sophia V. D. Reynolds, for the amount claimed, and that the plaintiff have costs of this action, and be paid by said Augustus W. Nicoll out of the rents, issues and profits arising under said trust deed since the 1st day of May, 1873, which belong to and were payable to the use and benefit of said Sophia V. D. Reynolds under said trust deed and the recitals therein.

*E. More*, for the appellant.

*Erastus New*, for the respondent.

GILBERT, J.:

The referee has found, that in July, 1866, the defendant Nicoll, received a conveyance of certain premises situated in the city of

New York, known as numbers one to forty Abattoir place, upon trust to receive the rents, issues and profits thereof, and after paying all taxes, assessments and other charges upon said premises to apply the rest and residue of the said rents, issues and profits to the sole and separate use of the defendant, Mrs. Reynolds, during her natural life, and after her decease upon trust to convey, etc., etc. ; that Mrs. Reynolds died in 1876 and during the pendency of the action, and that the defendant Nicoll is her executor. The referee further found, that in March or April, 1873, Nicoll did, by virtue of his power and authority as trustee, employ the plaintiff to make certain specific repairs on the buildings on the trust estate ; that such repairs were necessary for the protection and preservation of said buildings and to render them fit for occupation and tenantable and of use and benefit to Mrs. Reynolds ; that Nicoll promised and agreed to pay the plaintiff for said repairs out of the rents issues and profits arising under said trust; that at the time of the employment of the plaintiff, Nicoll had no funds of the trust estate with which to make said repairs ; that the plaintiff made said repairs relying on said authority and said trust estate, and that since the debt to the plaintiff became due, Nicoll has received out of the rents, etc., of the trust estate sufficient money to pay all charges thereon, including the sum due the plaintiff. Accordingly a judgment was entered against the defendant as trustee, and he was ordered to pay the same out of the rents, issues and profits of the trust estate which have accrued since May 1, 1873, which were payable to Mrs. Reynolds under and by virtue of the trust deed aforesaid.

We might find fault with some of the findings, but, assuming them to be correct, the question is, whether the facts found are sufficient to create a charge upon the trust estate, and we are of opinion that they are not. A trustee cannot bind the trust estate by an executory contract. That point was expressly adjudged in *Stanton* v. *King*, by this court (8 Hun., 4), and by the Court of Appeals (MS.). The same principle as applied to executors and administrators had been frequently decided before. (*Bloodgood* v. *Sears*, 64 Barb., 76 ; *Ferrin* v. *Myrick*, 41 N. Y., 315 ; *Austin* v. *Munro*, 47 N. Y., 360.) The matter, therefore, ought to be deemed *res adjudicata*.

The facts that the plaintiff made the repairs relying on the authority of the trustee, and on the trust estate, and that the repairs were necessary for the preservation of the subject of the trust, and that the trustee had no trust funds, we think, do not take the cause out of the principle stated. The reliance of the plaintiff was simply a mistaken one on his part. The law does not justify it. The necessity of the repairs relieves the trustee from an imputation that, in causing them to be made, he committed a breach of trust, but it gave no remedy to the plaintiff against the trust estate. Nor did the promise of the trustee to pay the plaintiff out of the trust fund absolve him from personal liability, or create a lien on said fund; indeed there is no way by which a trustee can, by his own act, substitute a lien on the trust estate for expenses incurred by him in its management or preservation, instead of his personal liability for such expenses. He may, perhaps, cause expenditures to be made in fulfillment of his duty as trustee, and if he has no funds in hand to defray the same, he may make a special agreement that such expenditures shall be made on the credit of the fund, and that he shall be exempt from personal liability, except for the application of the fund to the payment of such expenditures, whensoever he can do so without committing a breach of trust, and such an agreement may be enforceable in a court of equity in a proper case. But the referee has not found, nor does the evidence show, that such an agreement was made. The trustee did not ask to be relieved from personal liability. The plaintiff did not agree to look solely to the fund for his compensation. We have not seen the judgment actually entered in the case of *Noyes* v. *Blakeman*, cited by the plaintiff. The decision of the Superior Court in that case as reported, was, that " the agreement of the trustee that the plaintiff should be compensated for his services out of the rents and profits of the estate was reasonable and just, and must be carried into effect." And the decision was put exclusively on the ground that the trustee had an equitable lien for expenses reasonably and in good faith incurred by him in the preservation and reparation of the estate, and that he might transfer such lien to the plaintiff. (3 Sand., 543, 544.) I infer from the opinions, delivered in the same case in the Court of Appeals, that the judgment was affirmed upon the same grounds

Neither court decided that a charge on a trust estate can be created by an executory contract of the trustee, however necessary or meritorious, without authority therefor in the deed of trust or judicially conferred. If the judgment entered in the case goes that length, it should not be followed as a precedent, because the subsequent cases in the Court of Appeals, which have been cited have established an opposite rule.

It is no doubt the duty of the trustee to pay all charges on the estate. But the demand of the plaintiff is not such a charge. The grantor of the trust did not intend to authorize the trustee to create charges on the estate indefinitely, and then pay them out of the trust fund. The word "charges" means liens or incumbrances which are paramount to the trust. Nor can the direction to pay all charges on the estate be construed as an authority to the trustee to make contracts which would be binding on the estate.

No cause of action against the defendant Nicoll as executor of Mrs. Reynolds has been shown.

The judgment must be reversed, the order of reference vacated, and a new trial granted, with costs to abide the event.

DYKMAN, J., concurred. BARNARD, P. J., dissented.

Judgment reversed and new trial granted at Circuit, costs to abide event.