By the Court.—Freedman, J.
The contract with the plaintiff having been made after the death of the testator, plaintiffs’ cause of action is against the executors personally, and not against the estate (Austin v. Munro, 47 N. Y. 360; Ferrin v. Myrick, 41 N. Y. 315). There is nothing in the title of the summons or complaint to justify a claim against the defendants in their representative capacity. They are described “ executrix” and “executor.” Without the wmrd “as” prefixed, the words thus used are a mere description of the persons.
Nor is there anything in the body of the complaint charging .the defendants in their representative capacity. True, the will is set out, and the appointment of the defendants as executrix and executor, and it is apparent that the pleader deemed these'allegations relevant and material. But their insertion detracts nothing from the subsequent plain count against the *519 defendants individually, and consequently they may be treated as surplusage.
If the case was advanced on the calendar, on the ground that it was an action against the defendants in their representative capacity, and for that reason entitled to a preference, it should, the moment the fact appeared to be otherwise, have been relegated back to its proper place by the trial judge. But that this was not done, does not constitute a circumstance to be táken into account in the consideration of the present appeal.
The question, therefore, remains, whether, upon the main issue, the verdict was properly set aside. That related to the terms of the agreement between the plaintiff and the defendants. The plaintiff contended that he was to be paid fifty per cent, of the price of the work performed by him, as often as the city surveyor handed in a certificate or estimate of the work done. The defendants claimed that he was not to be entitled to any pay until the whole of the work was entirely completed by him, and the defendants had obtained their payment from the city.
Upon this issue there was testimony given on both sides, which was conflicting. The defendants’ version, however, stood corroborated by a receipt given by the plaintiff in acknowledgment of a sum of- money claimed by the defendants to have been paid to him as an advance, in which he expressly agreed that such advance should not- conflict with the agreement as made, according to which he was to be paid “ after the said work is completed as aforesaid, and as soon, and immediately after the payment of the amount due, or to grow due, under the said contract of John MeG-rane, deceased, and the corporation of the city of New York, by the said corporation to said executrix or executor, or to the holders or assignees of said contract.”
*520 At the close of plaintiff’s testimony, and again at the close of the whole case, the defendant moved for a dismissal of the complaint, and in each instance excepted to the .refusal to dismiss, and on the rendition of the verdict he moved for a new trial upon the facts and the law of the case. The court accorded to the counsel on both sides an opportunity at a later day in the term to argue all the questions involved, which they availed themselves of, and after due deliberation the court came to the conclusion that the verdict should be set aside.
Upon this state of facts it is difficult to see how the order can be disturbed. It is at all times a grave question for an appellate court to reverse, On the ground of error, an order made by the trial judge setting aside the verdict as against the weight of evidence. Motions to set aside verdicts, as against the weight of evidence, are not governed by any well defined rules, but depend in a great degree upon the peculiar circumstances of each case. They are addressed to the sound discretion of the court, and whether they should be granted or refused involves the inquiry, in each particular case, whether substantial justice has been done, the court having in view solely the attainment of that end.
In the present case the learned judge below proceeded with more than nsual deliberation, and the real ground for his decision was stated by his decision as follows, viz.:
“After looking over the testimony I am of the opinion that injustice would be done to allow the verdict to stand. It is difficult to believe that the plaintiff could have read the receipt for $1,500 without reading the terms written in connection with and in continuation of the receipt itself.
“ It is not pretended that the plaintiff was deceived or in any way entrapped into signing his name to the *521 whole paper, which sufficiently appears to have been read over to him, and which had been read by him, as it was his duty to do when he had it in his hands to read. The only excuse.given was, that he had not his glasses, and if anything, that he was not a good reader, not that he could not read. There must be a new trial.”
Upon the facts as they appear, the conclusion reached was one which the judge, who not only had heard the testimony, but also had observed the manner and behavior of the witnesses upon the stand, had a right to reach, and it, therefore, should be sustained.
The order appealed from should be affirmed with costs.
Curtis, Ch. J., concurred.