Neilson, Ch. J.
It appears that Benjamin P. Lunt, who owned a part of the steamship Metropolis, departed this life on the first of April, 1875. That the defendant became the administratrix of the goods and chattels which were of her husband, Benjamin P. Lunt. The plaintiffs were also part owners of the said steamer, and have been the managers, ship’s husbands and agents of the owners.
It further appears from the complaint that at the request of the owners and of the defendant, the plaintiff, between the first of April and the first of December, 1878, paid out and disbursed moneys for the account of the said owners, and performed work, labor and service for them' relating to the business of the said ship. The action was brought to recover a relative share of such expenses as chargeable to the estate.
The defendant having demurred to the first cause of action stated in the complaint, judgment was ordered for the plaintiffs. After some consideration I have come to the conclusion that the judgment was erroneous.
There had been no application for an amendment of the summons and complaint before the argument on the demurrer. If such application had been made and granted, the defendant might have been allowed to amend or answer over. No such application appears to have been made on the hearing, nor would it have been granted if made. On that hearing, the pleadings were to be taken in the form presented. There is no doubt but that where unnecessary allegations have crept into a complaint, and the other and more appropriate allegations of fact show a good cause of action, the latter should prevail. But it is a sufficient objec *90 tion to the reformation of a pleading on such a hearing, that if thus corrected when served, the attorney might not have put in a demurrer.
The action was brought against the defendant “as administratrix,” the summons and complaint thus entitled, and as the estate owned part of the steamer, it was claimed that the estate was chargeable with a proportion of the expenditure. In a doubtful case that might help us to determine-the character of the action. But on the argument before us, and in the points submitted, the learned counsel for the plaintiffs treated the case as having been brought against the administratrix, as such, and to obtain satisfaction out of the estate. We are therefore at liberty -td so consider the case now.
The allegation that the plaintiff performed the service, and made the disbursements at the request of- the defendant, is not material.. Not but that the action is, in part, planted on that. But there was no consideration moving from the plaintiffs to the defendant.. None is suggested in the complaint, save that the plaintiffs acted on that request. But if the consideration and an agreement had been fully stated, it would be a sufficient answer that the administratrix could not thus bind the estate. This rule has been too well settled to require the citation of authorities, but the cases of Austin v. Munroe (47 N. Y. 360), and Ferrin v. Myrick (41 Id. 319), may be referred to as having direct application to the case before us.
It is true that the administratrix should pay taxes, insurance, and other expenses incident to the trust, but that duty is personal. The complaint does not show that the defendant had been derelict in regard to such duties, or had means of the estate in her hands to be thus applied. The personal obligation in such a case, if there be means, rests upon the same principle that binds or qualifies the duty of an assignee of prop *91 erty in trust for the benefit of creditors. He is bound to pay the current expenses, clerk hire, and the like ; and, if he adopts a lease as part of the trust estate, is personally liable to pay the rent which the assignor had agreed to pay. But if the lease be of no value, he need not adopt it, occupy the premises, or pay the rent. In like manner, if this steamer were of no value, too old and frail for use, the administratrix might well abandon all claim to it. There must, in the nature of the thing, be a time when the duty to protect such an interest ceases, and, on behalf of the estate, is determined. It does not appear from the complaint that the ship was of value, or capable of earning anything, and the sums expended in a few months in 1878, $2,872 in money, and $1,000 in labor, should have admonished a person charged with the execution of a trust not to interfere. But if this defendant was induced to interfere, she did so at her own personal risk. It was not the less a mere personal obligation if she could be reimbursed out of the estate on an accounting.
It is not alleged that the plaintiffs acted'under any employment by the intestate, or were carrying out an arrangement which had been made with him. Indeed, it does not clearly appear that they had acted as the ship’s husband, or as agents for the owners before he died.
The claim then rests simply on the fact that a part of the ship belonged to the estate; and that, at the instance and request of the defendant and the other owners, the plaintiffs paid certain expenses. As the administratrix could not, in thus contracting, bind the estate, the demurrer was well taken.
The judgment should be reversed, with costs.