NEW YORK. COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—September, October, 1884.

BUDLONG *v.* CLEMENS.

*In the matter of the estate of* CHRISTIAN WEISENBACH,
*deceased.*

In a special proceeding, instituted under Code Civ. Pro., § 2717, to compel
payment of a claim, the petition alleged, substantially, that decedent's
estate was indebted to petitioner in the sum of $267, without setting
forth the nature or basis of the demand ; whereto respondent inter-
posed an answer, averring, upon information and belief, that the pre-
tended foundation of the claim was the rendering of services and
incurring of expenses, in and about decedent's estate, and denying
that the same was done at decedent's request.—

*Held,* that the answer did not set "forth facts which show that it is
doubtful whether the petitioner's claim is valid and legal," etc., so as
to necessitate a dismissal of the petition under Code Civ. Pro., § 2718 ;
but that respondent was entitled to a direction, to the petitioner, to
state the nature of his claim with greater particularity.

A claim by an attorney employed by an executor, for services rendered in
conducting proceedings for the probate of decedent's will, and other-
wise in the settlement of the estate, and for moneys advanced for dis-
bursements therein, is against the executor personally, and not against
the estate of the decedent.

APPLICATION by Morris M. Budlong, an attorney,
and an alleged creditor of decedent's estate, to com-
pel Frank Clemens, the executor of the will of dece-
dent to pay his claim. The facts appear in the
opinion.

J. P. OSBORNE, *for petitioner.*

JOHN O'BYRNE, *for executor.*

THE SURROGATE.—The respondent is not entitled,
by reason of his answer, to a dismissal of this pro-
ceeding. Such answer does not "set forth facts

D

which show that it is doubtful whether the petitioner's claim is valid and legal." It undertakes to allege (though from what is, very likely, a clerical error it does *not* allege, but rather denies) that, according to the information and belief of the respondent, the pretended foundation of the plaintiff's claim is the rendering of certain services, and the incurring of certain expenses, in and about the estate of the decedent; and it undertakes to deny that these pretended services were authorized by the decedent, or that these pretended expenses were incurred at his request. Now these facts, even if they were well pleaded, would not be sufficient to justify the dismissal of the present proceeding; for the petitioner himself makes no allegation whatever as to the nature or the basis of his demand. This is, therefore, the state of the pleadings as they now stand—the petitioner says: "The estate of this decedent is lawfully indebted to me in the sum of $267." The respondent says, or undertakes to say: "I have been told, and I believe, that the petitioner claims that sum in payment for services rendered the decedent. If such be the pretended basis of the claim, I allege that it is not well founded." Manifestly, this is not enough to bring the case within the provisions of § 2718. The petition must, therefore, be granted, unless, within ten days from the entry of this order, the respondent files an amended answer, or, in order to better prepare himself for filing such answer, applies to the Surrogate for a direction, to the petitioner, to set forth the nature of his claim with greater particularity.

THE petitioner thereupon filed a petition in which he specified, as the items of his claim:

" Professional services as follows: Presenting the will to the Surrogate, attending to and securing the probate of the same, and obtaining letters testamentary; preparation of papers, applying to the Surrogate, and obtaining the release of one of the executors; counsel, advice and services, in and about various other matters of the estate; disbursements."

The following opinion was filed on October 13th, 1884:

THE SURROGATE.—The claim, for whose payment this application is made, is a claim against decedent's executor, personally, and not against decedent's estate (Austin v. Munro, 47 *N. Y.*, 360; Ferrin v. Myrick, 41 *id.*, 318; Bowman v. Tallman, 2 *Robt.*, 385). Its collection must, therefore, be sought in another tribunal. Even if it could be here enforced against the executor in his representative capacity, he has interposed an answer which attacks its validity, and for that cause necessitates a denial of the petition (Code Civ. Pro., § 2718, subd. 1).