In THE MATTER OF THE ESTATE OF ADOLPH R. VAN DER- MOOR, DECEASED.

*Surrogate's Court — when money received by an executor under a policy of insurance on the life of the testator is not assets of his estate.*

Upon the application of the petitioner, the widow of one Van Dermoor, an order was made by a Surrogate's Court directing the executor of Van Dermoor to pay to the petitioner the money received by him, under a policy of insurance upon the life of the deceased which made the amount insured payable "to the said assured, his executors, administrators or assigns, * * * for the benefit of his widow, if any."

*Held,* that the money belonged to the widow, and was received by the defendant, not as assets of the estate of the deceased, but that he received it as a trustee under the policy for the widow.

That the order should be reversed, as the surrogate had no jurisdiction to make it.

APPEAL by William Van Dermoor, as executor of Adolph R. Van Dermoor, deceased, from a decree of the Surrogate's Court of Schenectady county, requiring the executor to pay Nancy E. Van Dermoor, the petitioner herein and the widow of the testator, $1,727.69, the proceeds of a life insurance policy issued upon the life of the testator by the New England Life Insurance Company.

*Jacob W. Clute* and *Alonzo P. Strong*, for William Van Dermoor, the executor, appellant.

*W. T. L. Sanders*, for Nancy E. Van Dermoor, petitioner, respondent.

LEARNED, P. J. :

The question whether the surrogate had jurisdiction to order the executor to pay this money to the petitioner involves an inquiry into the nature of the alleged liability of the executor to her. The deceased had taken out a policy on his life. The amount insured was made payable " to the said assured, his executors, administrators or assigns, * * * for the benefit of his widow, if any." The money has been paid to the executor, and the petitioner is the widow of the deceased. A question is made whether she is entitled to the money. But, without stating the facts on which that depends, we are first met with the question whether her's is such a claim that the surrogate could order its payment, even assuming that it was valid.

In one part of the opinion of the learned surrogate, speaking of the phrase " personal estate," in a certain paper, he said : " It means the estate which goes into the hands of the executor to be administered under the will, and does not include the insurance money." Thus he indicated that the insurance money was not a part of the estate which goes into the hands of the executor to be administered under the will. If this view be correct, it would seem to follow that he would have no jurisdiction over the matter. But he must have considered that, as the money was in the hands of the executor and did not belong to the estate, the estate owed it to the petitioner. For, in another place, he says that the estate is *debtor* to the petitioner. And he assumes that he has " power to enforce the payment of this indebtedness."

The counsel for the executor insists that if the petitioner's claim is valid, then the amount received from this policy was not assets of the estate, to be accounted for under the jurisdiction of the surrogate. In this we think he is correct.

If there were no beneficiary named in the policy, probably the amount received would be assets. But where there is a beneficiary, we think the amount received is not assets, for it belongs to the beneficiary, and not to creditors or legatees. And it belongs to her (if at all), not by virtue of any will of the testator, or of · any administration of his estate, but by a contract of the company, under which they were to pay it (as she claims) *for her benefit.* The executor, therefore, has, in this particular (if the petitioner is right), no will of the testator to execute.

The executors in such a case take the money as trustees for the beneficiary. And they are not trustees under the will; they are trustees under the policy. Hence they are in no sense testamentary trustees. The surrogate has no power to compel them to pay over the money. (*Marston* v. *Paulding*, 10 Paige, 40; *Woodruff* v. *Young*, 38 Sup. Ct. [31 Hun], 420.)

The surrogate places his authority on section 2472, subdivision 4 of the Code of Civil Procedure. But that authorizes him to enforce the payment of debts and legacies and the payment or delivery of money or property belonging to the estate.

Now, the petitioner's claim is neither a debt nor a legacy. The liability, if any, to the petitioner did not arise until the receipt of the money, and hence not until after the testator's death. Hence it is not a liability of the estate, inasmuch as it was not a liability of the testator (*Austin* v. *Munro*, 47 N. Y., 360); and, as she claims, this money does not belong to the estate. And the concluding clause of the section declares that the jurisdiction must be exercised in the cases prescribed by statute. Section 2481, subdivision 5, does not extend the jurisdiction, nor does subdivision 11 of the same section, as its provisions are limited to matters within the cognizance of the court. The provisions of the statute under which the petitioner seems to have proceeded are sections 2717 and 2718; but these apply to the payment of a debt or of a legacy.

There would be a further difficulty if this case were either a debt or a legacy, viz. — that letters were issued October 31, 1885, and

the petition was presented January 19, 1886 — while a petition by a creditor cannot be presented until six months have expired, and that by a legatee not until a year. And, further, a written answer, duly verified, was filed, setting forth facts showing that it was doubtful whether the petitioner's claim was legal.

The surrogate held that these facts raised only a question of law, and hence he had jurisdiction. If it were necessary to examine this point we should be doubtful whether this was correct. But, in the view we have taken, section 2717 is not applicable to this claim, and, therefore, we need not consider the meaning of section 2718.

We have avoided any expression of opinion as to the validity of plaintiff's claim, and even any statement of the facts on which it is controverted, because we are satisfied that the surrogate was without jurisdiction.

The decree of the surrogate is reversed, with costs below and of the appeal against the petitioner.

BOCKES and LANDON, JJ., concurred.

Decree reversed, with costs of court below and of appeal against petitioner.