WILLIAM P. WILLIS and WILLIAM H. TOWNSEND, Respondents, *v.* AURELIUS S. SHARP, as Executor, etc., of FIDA C. SHARP, Deceased, Appellant.

*Direction to an executor to carry on business — right of one selling goods to the executor to bring action in equity to charge the estate with the debt*

The complaint in this action stated that the defendant was the sole executor of Mrs. Sharp, who was his wife; that in and by her will she expressly directed that a business be carried on by her executors for the benefit of her son; that

such business was carried on, under the will, by the defendant as such executor; that in that capacity, he purchased goods of the plaintiffs which were necessary for and were used in such business; that he was personally insolvent; that the estate was solvent, and that the plaintiffs have no way of obtaining payment except out of the funds of the estate.

*Held,* that the complaint stated a good cause of action in equity, and that a demurrer, interposed thereto upon the ground that it did not, was properly overruled.

APPEAL by the defendant from a judgment in favor of the plaintiffs, entered in Kings county upon andoverruling a demurrer interposed to the complaint upon the ground that it did not state a cause of action.

*Alexander V. Campbell,* for the appellant.

*William S. Logan,* for the respondents.

PRATT, J.:

This is an appeal from a judgment entered overruling a demurrer. The complaint states that the defendant is the sole executor of Mrs. Sharp, who was his wife; that her will directed expressly that the business be carried on by her executors for the benefit of her son; that such business was carried on under the will by the defendant as such executor; that in that capacity he purchased goods necessary for such business and used them in it; that he is personally insolvent; that the estate is solvent, and that the plaintiffs have no way of obtaining payment except out of the funds of the estate. The demurrer is upon the ground that the complaint does not state facts sufficient to constitute a cause of action. This is not an action at law to charge an executor personally upon a contract, but a suit in equity to charge an estate which has received the use and benefit of the goods in a business authorized to be carried on by the testatrix.

The will provides, in paragraph fourth, as follows: "It is my wish, and I hereby direct, that after my death some legitimate business shall be carried on by my executors for the benefit of my said son, Harry, and that my said husband shall be retained as the manager thereof." The debt in question was contracted in pursuance of this provision of the will, in a business carried on for the benefit of the estate. By carrying on a business he created a charge

upon the estate. It was stated in the prevailing opinion in the case of *Ferrin* v. *Myrick* (41 N. Y., 315) : "It ought to be added that in case of the fraud or insolvency of the executor, an equitable cause of action would probably be thereby created against the estate, which could be enforced in behalf of the creditor, and which would enable him to maintain a claim against the estate directly."

In this case the contract was with the executor solely, as such ; the executor had power under the will to make it, and the estate received the benefit of it. In no sense was it a claim against the executor individually, but it was a charge upon the estate in his hands. The suit was, therefore, properly brought, under section 1814 of the Code, against him in his representative capacity. Considering the insolvency of the executor, in connection with the other facts stated in the complaint, the plaintiff was clearly entitled to relief against the estate of the testatrix.

Can it be doubted, under this law, that the executor would have the right to carry on the business and to charge to the estate such money as he should properly pay out for its benefit ? If this be so, then the estate ought to pay the debt. Then what matters it whether it pays it directly to the creditor or by reimbursing the executor ? To hold that the executor was individually liable only, would permit the executor to carry on business for the benefit of the estate and the legatees, and leave the creditors without remedy. Such a result cannot be tolerated in a court of equity. The case of *Austin* v. *Munro* (47 N. Y., 360) has no application to the present case, as that was a strictly legal action, based on the executor's contract, and no insolvency was alleged.

We think the complaint stated a good cause of action in equity, and that the demurrer was properly overruled.

BARNARD, P. J., concurred ; DYKMAN, J., not sitting.

Order overruling demurrer to plaintiff's complaint affirmed, with costs.