---

## In re MORIAN'S ESTATE.

### (Surrogate's Court, Chautauqua County.   June 10, 1889.)

TESTAMENTARY TRUSTS—SURROGATE'S POWERS.

If the beneficiary in an insurance policy orally agrees to act as trustee of the fund to be produced thereby on the death of the insured; qualifies as executor of the latter's will, in which testator directs a distribution of the fund; pays out part of the money in accordance with the directions; and at all times treats the fund as a trust fund,—he is a trustee under the will, and upon his death a successor may be appointed by the surrogate, as provided by Code Civil Proc. N. Y. § 2818, in cases of testamentary trusts.

*C. R. Lockwood,* for petitioners.   *C. D. Murray,* for administrator *d. b. n. c. t. a.*

SHERMAN, S.   Thomas H. Morian died June 22, 1887. Eight days prior to his death he made his will, which was probated July 11th of the same year, appointing Stephen H. Warner the executor thereof. On the same day he made his will he procured a beneficiary certificate of insurance on his life for $2,000 in the Ancient Order of United Workmen, payable at his death to said Stephen H. Warner. The testator by his will first states that, being desirous of making an equitable disposition of his property at his decease, he makes his last will and testament; that, having directed the said beneficiary fund at his death from the Ancient Order of United Workmen should be paid to said Stephen H. Warner, he directs by his will that said Warner should, out of said beneficiary fund, pay the funeral expenses of the testator, and erect a suitable monument for himself and his deceased wife, not exceeding in value $250; and then that said Warner should pay to each of the four children of a deceased brother of said executor, $50; to each of the two daughters of another brother of the executor, $50; to a niece of the testator, $50; to each of the two daughters of William Morian, a brother of said testator, $50; to Rosette Warner, a relative by marriage of the testator, and wife of said Stephen H. Warner, executor, $500; to Julia Lewis, his niece, $50; to Hattie Lewis, niece, $100; to Hattie Hawkins, $100; and to said Stephen H. Warner all the residue of said beneficiary fund, being $430. The deceased died leaving no widow, and no descendants, but leaving him surviving his father, Anthony Morian, of advanced age, his only heir at law, and having ample means for his support. Said Thomas H. Morian at his decease owned property other than said beneficiary certificate, most of which he bequeathed and devised to his collateral relatives; also making his said executor, Stephen H. Warner, the residuary legatee thereof. Said Stephen H. Warner, executor and trustee of said beneficiary fund, died intestate, September 15, 1887, about two months after qualifying as such executor; and soon afterwards his said widow, Rosette Warner, and Thomas P. Hinds were appointed administrators of his estate. Soon after the death of said Warner, one Benjamin L. Harrison was appointed administrator with the will annexed of the estate of said Thomas H. Morian, deceased, in the place of said Warner, executor.

The controversy herein arises upon the petition of the said Rosette Warner and Thomas P. Hinds, administrators of the estate of said Stephen H. Warner, deceased, for the appointment of trustees of such beneficiary fund under the will of said Thomas H. Morian, deceased.    The application is opposed by said Harrison, administrator with the will annexed of said Thomas H. Morian, deceased, claiming by his answer that said beneficiary fund is assets for the payment of the debts of the estate of said Morian, and that he, said Harrison, should be appointed trustee of such fund by the surrogate's court.

The important propositions to be considered in this proceeding are—*First*. Did this beneficiary fund, upon the death of Morian, become the absolute property of Stephen H. Warner, the beneficiary named in the certificate?    *Second*. Did the will, with other facts as hereinafter found, constitute Warner a sole trustee of that fund, to be paid by him to the several persons named in and as directed by the will of Morian?    *Third*. Has the surrogate's court jurisdiction to appoint a trustee of this fund under section 2818 of the Code?

In considering these propositions, additional facts, as found herein, become material to be stated.    By the certificate of insurance, as considered alone, Warner was the beneficiary entitled to the whole fund on the death of Morian, and no part of it belonged to the estate of Morian, or could be used to pay his debts or funeral expenses.    But it appears that Warner, upon qualifying as executor of the estate of Morian, elected, against his own interests, as the beneficiary thereof, to accept the fund as a trustee under said will.    He received the $2,000 on August 19, 1887, and as such trustee under the will expended $120 of it as directed by the will in paying the funeral expenses of Morian, and paid to Rosette Warner the $500 legacy as a trustee under the will, and placed the balance of the fund, $1,380, to his own credit, separate from the other funds of said estate in the Chautauqua County National Bank at Jamestown, previously to his death, which occurred September 15, 1887, less than one month after his appointment as such executor and trustee by the decree of the surrogate's court, and such funds still remain in the bank. The will of Morian provided that his executor should not be required to give bonds for the execution of his will.    I have found as a fact that there was no written agreement between the said trustee and the testator constituting said Warner a trustee of such fund aside from the will and certificate of insurance, considered together as one instrument, but that at the time these two instruments were executed there was an understanding and agreement between Warner and Morian that Warner should act as the trustee of this fund under the will of Morian, after his decease, which agreement said Warner, as the trustee in good faith, performed until the trust was closed by his own death. I am of the opinion that the facts, as stated and found, constituted Warner a trustee of this fund under the will of Morian, and that the surrogate has jurisdiction under section 2818 of the Code to appoint a trustee of the balance of the fund unexpended, and that Rosette Warner, widow of said Stephen H. Warner, being the residuary legatee of this fund, is first entitled to such appointment.

The facts, as found in this case, are exceptional.    I have examined with care the line of cases holding as a general rule that a testator has no power to change by his will the beneficiaries named in the policy of insurance on his life, unless such change shall be authorized by the by-laws of the company or association insuring.    These cases are believed to have little or no application to the peculiar circumstances of the case in hand.    The question here is, was Warner, at and before his death, a testamentary trustee under the will of Thomas H. Morian?    With full knowledge of the contents of the will, and of the verbal agreement made with the testator at the time the will was made, and of the provisions of the policy when issued, he elected upon qualifying as executor to accept the trust created by the will, and afterwards partially executed same.    Was this a trust under the will?    If it was, it would

seem clear that, upon the death of the trustee, the surrogate has jurisdiction to appoint a new trustee in place of the one deceased, as provided by section 2818 of the Code, the trust not having been fully executed.

But it is claimed that this beneficiary fund was not the property of the testator at his death, and was not assets of the estate in the hands of Warner, the trustee, and therefore that the surrogate has no jurisdiction to appoint a trustee in the place of Warner, deceased. The answer to this is that Warner held this fund as a testamentary trustee under the will of Morian, and in no other capacity, and the section of the Code above cited expressly gives the surrogate's court jurisdiction to appoint his successor. Such authority was conferred upon the surrogate's court of the city and county of New York by chapter 359, § 3, Laws 1870, and has been since made to apply to the other surrogates' courts of the state, wherever such appointment is necessary in order to comply with the express terms of the will, and when such appointment would be for the benefit of the *cestui que trust.* There cannot be any question but such appointment is necessary in this case, in order to comply with the express terms of the will, and is especially so for the benefit of the *cestui que trust.* In *Re Van Dermoor,* 42 Hun, 326, the policy of insurance upon the life of the insured made the amount insured payable "to said assured, his executors, administrators, or assigns, * * * for the benefit of his widow, if any." The executor received the fund from the insurance company. The widow of the testator petitioned to the surrogate's court of the county of Schenectady for an order requiring the executor to pay the fund to her as the beneficiary named in the policy. The supreme court, Third department, held that the surrogate had no jurisdiction to make such order, on the ground that the funds were not assets of the estate of the deceased; that the executor was in no sense a trustee under the will, but was a trustee under the policy for the beneficiary. The surrogate based his authority for making his order to compel the payment by the executor to the beneficiary upon sections 2717, 2718, and 2742 of the Code, and not upon section 2818, above cited, relating to appointment of a testamentary trustee in the place of one who has died or been removed. The opinion of LEARNED, J., in the above case, cites *Marston* v. *Paulding,* 10 Paige, 40; *Woodruff* v. *Young,* 31 Hun, 420, and *Austin* v. *Munro,* 47 N. Y. 360. The cases so cited appear to have no application to this case, where the original appointment of the trustee was made by the will itself, and where the trustee under the will qualified by accepting the trust created under the verbal agreement between the trustee and testator, made during the lives of both, and has died after partly executing the trust under the will and such agreement. In this case the facts found show that the executor was a trustee under the will, insurance certificate, and agreement, all made at the same time, and constituting one complete contract, made valid, as a whole, by being partially executed. An executor is always a trustee of the personal estate for those interested under the will. *Mott* v. *Ackerman,* 92 N. Y. 539; *Kepler* v. *Supreme Lodge, Knights of Honor,* 45 Hun, 274.

Decree made appointing Rosette Warner and Thomas P. Hinds as trustees of such beneficiary fund, with directions to pay the balance of same unpaid to the several beneficiaries named, as directed by the terms of the will of Thomas H. Morian, deceased.