## McMAHON v. SMITH.

(Supreme Court, Appellate Division, Second Department. March 11, 1910.)

1. PARENT AND CHILD (§ 12*)—AGENCY OF CHILD FOR PARENT—EMPLOYMENT OF BROKER.

Where a broker was authorized by defendant to procure a loan for $75,-000, but by the direction of defendant's son he procured a loan for $65.000, which defendant refused to accept, defendant is not liable for the broker's commissions, in the absence of proof that the son had authority to bind defendant.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. § 141; Dec. Dig. § 12.*]

2. EXECUTORS AND ADMINISTRATORS (§ 97*)—AUTHORITY OF EXECUTOR—LIABILITY OF ESTATE.

An executor is not liable in his representative capacity for broker's commissions in procuring a loan, which was refused, for a sum in excess of the amount the executor was authorized to borrow.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 411; Dec. Dig. § 97.*]

Appeal from Trial Term, Kings County.

Action by Joseph T. McMahon against Cynthia E. Smith, individually and as executrix and trustee of the will of Josiah T. Smith, deceased, to recover brokers' commissions. Plaintiff had judgment, and defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, THOMAS, RICH, and CARR, JJ.

Louis Ehrenberg, for appellant.
George W. McKenzie, for respondent.

RICH, J. The defendant signed a written instrument, stating her desire to procure a loan of $75,000, at 4 per cent. interest per annum, "on mortgage for three years, secured by the bond of Est. of Josiah T. Smith," on described property. Following the description the instrument contains the following clause:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"I hereby authorize Mr. Michael Furst to procure for me the above loan, on obtaining which I agree to pay him $1,000, to cover all commissions and expenses for title insurance, lawyers' fees, etc.

"[Signed]                                     Cynthia E. Smith, Ex'x."

Furst caused an application for the loan to be made to the Emigrant Industrial Savings Bank of New York, which, after appraisal, approved the loan for the amount of $75,000 in writing, and sent the matter to the Title Guarantee & Trust Company for search and report on title. This acceptance was based upon a valid title, and legal authority and right in the applicant to execute a valid mortgage securing such loan. The search, when made, disclosed the fact that the power of the applicant to mortgage the property of her testator was limited to such sum as represented existing mortgages thereon, viz., $63,000 with a small amount of accumulated interest, and the bank thereupon canceled its approval and declined to make the loan.

Plaintiff claims, however, that the application for the loan was subsequently reduced to $65,000 by defendant's son, and that his assignor procured a corporation ready, able, and willing to make the loan of this amount; but it is not made to appear that the son had authority to act for his mother in this respect, or that she personally authorized a loan of $65,000. Until this is shown by satisfactory evidence, the plaintiff is not entitled to a judgment against her personally. He is not entitled to recover against her in her representative capacity, because the estate of her testator was not bound by her contract to Furst, and could not be compelled to pay the sum she had undertaken in her contract to pay to him. Austin v. Munro et al., 47 N. Y. 360, 366; Parker v. Day, 155 N. Y. 383, 387, 49 N. E. 1046, and cited cases.

After the jury rendered a general verdict for the plaintiff, the record shows the following to have occurred:

"Counsel for defendant moves for a new trial on the further ground that it is not definitely stated by the jury whether the verdict is against the defendant individually or in her capacity as executrix.

"Motion denied. Defendant excepts.

"The Court: The verdict is received and filed as a verdict in favor of the plaintiff against the defendant, Cynthia E. Smith, as she is described, individually and as executrix and trustee under the last will and testament of Josiah T. Smith, deceased.

"Defendant excepts.

"Mr. Williams: May I ask your honor to put that in the form of a charge to the jury—that, if they find a verdict against the defendant, they must find it against her in that capacity.

"Mr. Manne: I object to that.

"The Court: I direct the jury to find a verdict in accordance with the instruction of the court. 

"The jury thereupon returned a verdict against Cynthia E. Smith, individually and as executrix and trustee under the last will and testament of Josiah T. Smith, deceased, for $1,250.

"Defendant excepts."

These exceptions present reversible error, and the judgment, together with the order denying defendant's motion for a new trial, must be reversed, and a new trial granted; costs to abide the event. All concur.