THE CHASE NATIONAL BANK OF THE CITY OF NEW YORK, Individually and as Successor by Consolidation to the EQUITABLE TRUST COMPANY OF NEW YORK, as Trustee under a Certain Agreement of Trust Entered into by and between HEDWIG ENGEL and THE EQUITABLE TRUST COMPANY OF NEW YORK on February 24, 1928, Appellant, *v.* HEDWIG ENGEL and Others, Respondents.

First Department, May 29, 1941.

*Thomas A. Ryan* of counsel [*Daniel G. Tenney, Jr.*, with him on the brief; *Milbank, Tweed & Hope*, attorneys], for the appellant.

*Philip F. Farley* of counsel [*Topken & Farley*, attorneys], for the respondent Hedwig Engel.

*Thomas B. Fenlon* of counsel [*Emmet, Marvin & Martin*, attorneys], for the respondent Bank of New York.

MARTIN, P. J. The general rule is that a trustee is personally bound by contracts he makes as trustee, unless the contract or other instrument expressly relieves him of liability. (*Austin* v. *Munro*, 47 N. Y. 360; *O'Brien* v. *Jackson*, 167 id. 31.) Where an agreement contains a recital that certain of the parties thereto are trustees acting as a class and not individually or jointly and severally and that they have signed and executed the agreement as such trustees and ample notice of the provisions of the trust

instrument and of the capacity in which the trustees are acting and of their authority to so act has been given, the trustees will not be held personally liable. (*East River Savings Bank* v. *245 Broadway Corporation*, 284 N. Y. 470.)

In 2 Scott on Trusts (§ 263, p. 1478) it is said: " The more recent cases, it is believed, are somewhat more ready to give effect to what is probably the real intention of the parties. It is certainly unjust to the trustee to impose upon him a liability which he did not intend to assume and which the other party to the contract did not believe that he intended to assume. The hardship is there in spite of loose talk in the opinions about *descriptio personarum*. The question in each case, it is submitted, should be whether the parties as reasonable men in the light of the language used and all the circumstances intended that the trustee should be personally liable or intended that the trust estate alone should be reached."

The fact situation before us is so substantially similar to that presented in the *East River Savings Bank* case (*supra*) that we feel bound by that decision and hold that the trustee in the case at bar is not personally liable.

The judgment, in so far as appealed from, should be reversed, with costs.

O'MALLEY, DORE, COHN and CALLAHAN, JJ., concur.

Judgment, so far as appealed from, unanimously reversed, with costs. The facts contained in the decision of the court at Special Term which were inconsistent with this determination should be reversed. Settle order on notice.