CORTLAND COUNTY.—HON. A. P. SMITH, SURROGATE.— MAY, 1874.

## FREEMAN v. FREEMAN.

*Matter of final accounting of* SAMUEL FREEMAN, JR., *administrator of the goods, &c., of* SAMUEL FREEMAN, *deceased.*

While considerable latitude will be allowed an administrator in the payment in good faith, of the intestate's debts, even if of doubtful validity, yet a payment to the administrator's own wife, of an alleged debt, long barred by the statute of limitations, and which she could not, as a married woman, have recovered in law, will not be allowed to the administrator on a settlement of his accounts.

THIS was a proceeding for the final settlement of the accounts of Samuel Freeman, Jr., in which were contained certain charges which he asked to have allowed.

Objections were made by the heirs and next of kin.

H. CRANDALL, *for the administrator.*

H. C. MINER, *for the objectors.*

THE SURROGATE.—[After disposing of several objections to the account.] The next item objected to is $424.99, for services alleged to have been rendered by her, in the family of the decedent, prior to the year 1841.

[After reciting the evidence before him as to the nature of the services and the circumstances under which they were rendered, the Surrogate proceeded.]

The account was originally $200, and the balance is for interest.   It was at most an unliquidated demand which had never been stated to the intestate, and therefore did not draw interest, though it was held to be a valid claim.   But as I understand the law, Mrs. Freeman never had any legal claim against the intestate which she could enforce against him, and therefore a payment to her, by the administrator, was without authority and a nullity.   There is ordinarily some latitude to be given to administrators where they have paid debts in good faith, and the courts are disposed to favor them even when they have mistakenly allowed a doubtful claim, on the ground that acting in a representative capacity they should not be made personally liable for mistakes. But this is not a case calling for the application of that rule.   This is a claim paid by the administrator to his own wife.

When this work was done, even if performed under such circumstances as to constitute a claim, which I doubt, this wife was a married woman.   It was before the act of 1848, and all her services and personal property belonged to her husband.   She could not have maintained any action against the intestate.   He did not employ her, and his promise to pay her, made after the labor was performed, was without consideration, and void.   She was not even claiming any pay at that time, and knew nothing of the promise made to her husband, until it was communicated to her by the latter. Whatever the father said, if it could be construed into a promise, was a mere naked promise, without consideration, and not binding upon him or his estate.   Again, there is nothing to take the case out of the statute of limitations, and good faith required that this husband should not have paid this stale and barred claim to his wife.   He cannot be allowed any portion of this item

of $424.99.   It will be stricken from the credits claimed in his account.

Ordered accordingly.