Macomber, J.
The contract which the executors of George Brooks made with the plaintiff’s testatrix bound *414 themselves personally only, and did not bind the estate of which they were the personal representatives. It is not competent for executors or administrators to make an original contract of the kind mentioned which shall bind the estate of the decedent, even though made in the interest and for the benefit of the estate which they represent. Austin v. Munro, 47 N. Y., 360. In accordance with this well established rule, the learned referee has denied to the plaintiff a recovery for the $10,000 as a whole, so loaned by the testatrix to the executors of George Brooks. But the sum of $2,025.76 rests for its support upon the claim, which is borne out by the evidence, that so much of the original fund was used .by the executors of George Brooks to pay off and discharge the indebtedness. of the estate.. These moneys having been parted with in good faith by the lender, and expended in good, faith by the executors of George Brooks, should be allowed as advances made by them, as the estate of the deceased has by so much been benefited thereby. Had the executors advanced such moneys personally, they would be allowed to recoup therefor in their accounts with the 'decedent’s estate. Livingston v. Newkirk, 3 Johns. Ch., 312; Freeman v. Freeman, 2 Redf., 137.
It is insisted, however, by the learned counsel for the defendant that the sum of $1,150, which was repaid by the executors of George Brooks to the plaintiff’s testatrix, and which forms no part of the $2,025.76 mentioned above, should be deducted from the recovery. We do see how this can properly be done, for it does not appear that this sum was paid out of the property of the estate of George Brooks.
It is further urged that the cause of action arose more than seven and one-half years prior' to the beginning of . the suit, and is consequently barred by the statute of limitations.
This argument does not give proper weight to the payment of the $1,150 already mentioned, which by the fourteenth finding of the referee was made in July, 1881. This payment is not to be applied upon the claim which the referee has allowed to the plaintiff, but upon the whole sum loaned.
The whole transaction proceeded upon an erroneous conception of the rights, powers and duties of personal representatives of decedent’s estates; yet the claim of the plaintiff and of his testatrix has been consistent throughout that a recovery should be had for the whole $10,000. So far as the cause of action is concerned, the claim and the recovery are not separable.
There is a slight discrepancy in the date of the receipt *415 given by the executors to Ann M. Brooks, and the time of the receipt by her of the insurance moneys out of which, it is stated, the loan was made to the executors of George Brooks. That any suspicion should be thrown upon the claim made by the plaintiff by reason of this variance does not by any means follow, for it might well be that, as is claimed by the counsel foi the plaintiff, the arrangement between Ann M. Brooks and the executors was made at the time of the advancement of the moneys by the executors, one-half in the month of August, as is stated in the receipt, and that the sums in that paper recited as having been received were advanced by the executors, but under an agreement with Ann M. Brooks that she should reimburse them as soon as her insurance moneys were received, which seems to have done accordingly.
This circumstance does not vary the legal rights of the parties in any respect.
The judgment should be affirmed, with costs.
Bartlett, J., concurs.