Neilson, Ch. J.
It is claimed on behalf of the plaintiffs that the statutory prohibition as to carrying-on business under the names of fictitious persons did not apply to them or to their claim ; and that if it did the answer to which the demurrer was interposed was sufficient.
The act of 1833 (L. 1833, c. 281), which provided that “no person shall hereafter transact business in *81 the name of a partner not interested in his firm,” has been modified in some respects. The act of 1854 (L. 1854, c. 400), which allows any of the copartners, in continuing the business of a firm, to continue the copartnership name, applies only to copartnerships having business relations with foreign countries ; and the act of 1863 (L. 1863, c. 144), confers the same right upon members of firms having such relation, and of firms whose business had been carried on in this State for the period of five years or upwards. But under those statutes of 1854 and 1863 the partners thus electing to continue the firm name must file and publish a certificate of the facts as therein provided.
I am of opinion that the claim which the plaintiffs seek to enforce was not collateral to or a mere incident in their business., In this point of view the case may be distinguished from Wood v. Erie R. R. Co. (72 N. Y. 198), and from Hoyt v. Allen (2 Hill, 322).
It appears from the complaint, that at the time mentioned therein, the plaintiffs were and have ever since been copartners in business in the city of New York under the firm, name of “ Lunt Brothers.” The defendants’ agreement with Lunt Brothers and the business to which it related' are then set forth and judgment demanded. Thereupon the defendant, by her answer, claiming that the said firm name of Lunt Brothers was used by the plaintiffs in violation of the statute, and that the business done by the plaintiffs under that name was illegal and void, alleges that the said name of “ Lunt Brothers ’’ was a fictitious name in that there was no Lunt Brothers in the said firm. That was an issuable fact; and the allegation, if true, would have been sufficient under the statute of 1833. The answer further states, to meet the provisions of the act of 1849 (L. 1849, c. 347), “that said firm was not a commercial copartnership located and transacting business in a foreign country.” , If not, thus located *82 the firm might have had “ business relations with foreign countries.” But as the answer set up and the demurrer admits, that the required certificate was not signed, acknowledged, filed or published, it was not necessary for the pleader to take up the other clauses of the acts of 1854 and 1863 and negative the supposed claims of the plaintiffs under each of them. If the plaintiffs had been members-of a prior firm known as Lunt Brothers, and in continuing the business had elected to continue the use of that firm name, if the firm had business relations with foreign countries, or had carried on business in this State under that name for a period of five years or upwards, it would still remain for them to observe the other requisitions of the statutes.
The act of 1833 is highly penal in its nature,and operation, and is not to be extended by construction to the transactions not within the spirit and terms of its prohibition. But, fairly applied, it is salutary and favorable to legitimate business. Its object was well stated by Miller, J., in 72 N. Y. 198. He says, “It is quite obvious that the object in view was to prevent an individual engaged in business from continuing tb use the name of a member of the firm, with whom such person had been associated, after such member had retired from the concern, or of using a name of a person not interested in such firm, and thus to induce credit to be given by those trading with such person, and so impose upon-the public. It was in fact to prevent such person from obtaining a false credit on the strength of a name which had been withdrawn, or which he had no authority to make u e of.”
It is equally obvious that in amending the statute the legislature intended to qualify its severity only in favor of those persons who should conform to the conditions imposed. If the certificate, showing who were in fact the members of the copartnership as con- *83 tinned, and what former member was concerned in it no longer, be filed in the proper clerk’s office, a matter of record, and be published, persons having business transactions with the firm would be properly advised. Thus, and only thus, would parties in interest be protected.
With these views I am in favor of affirming the judgment appealed from, with costs.
McCue, J., concurred.