GEORGE LANE *et al.*, Respondents, *against* THOMAS E. ARNOLD *et al.*, Appellants.

(Decided December 4th, 1882.)

After the death of one member of a partnership, his executors, pursuant to directions in his will, continued the partnership business with the surviving partners in the same firm name, of which the name of the deceased partner formed part. *Held*, that this was a violation of the act of 1833 (L. 1833, c. 281, § 1), providing that no person shall transact business in the name of a partner not interested in his firm.

APPEAL from a judgment of the General Term of the Marine Court of the City of New York, affirming a judg-

ment of that court entered upon trial by the court without a jury.

The action was brought to recover the price of goods sold and delivered by the plaintiffs to the defendants. At the trial the cause was submitted upon the following agreed statement of facts admitted by the parties to be true:

"That the goods for which this suit is brought were sold and delivered to the defendants by a firm doing business under the firm name of 'Mayor, Lane & Co.' composed of the plaintiffs in the manner hereinafter stated, and that the transactions were with that firm. That at the time of such transactions there was no person of the name of Mayor a member of said firm; that at a period antecedent to such transactions there had been a firm doing business under the same name composed of one Pierre A. Mayor and the plaintiffs George Lane and Victor A. Harder; that before any such transactions were had with the defendants, the said Pierre A. Mayor departed this life anterior to August 8th, 1876; that his last will and testament was proved before the surrogate of Kings County, on August 8th, 1876; that in and by the same the plaintiffs Coffin and Edwards were appointed executors and duly qualified as such; that the said will contains the following clause: 'It is my wish that my said executors, after my decease, shall carry on and con- duct the business that I am engaged in in the City of New York, as one of the firm of Mayor, Lane & Co., in accor- dance with the terms and provisions of the articles of co- partnership dated January 1st, 1875, made and entered into by and between George Lane, Victor A. Harder and myself, and I hereby authorize and direct my said executors to carry out the provisions of said agreement or articles of co-part- nership so far as my interest is concerned in said business, and for such further term as, in the judgment of my said executors, will best promote the interests of my children.' That at the time of the transactions with the defendants said George Lane and Victor A. Harder were the sole sur- viving co-partners of said co-partnership of Mayor, Lane &

Co., and that the plaintiffs Coffin and Edwards as executors of said Pierre A. Mayor, allowed some portions of the funds or estate of said Pierre A. Mayor to remain in said firm, and at the time of the transactions with the defendants, the said estate was interested in the profits of said business, and that the plaintiffs Coffin and Edwards had no interest therein, except as such executors, and that the business was carried on by them under the provisions of the will; that no contention is made in regard to the fact of the sale and delivery of the goods sued for, and it is conceded that the plaintiffs never filed or published the certificates required by statute in regard to the continuance of the firm name, and the case is submitted to the said justice upon the matters of law that arise upon the facts submitted."

The justice found in favor of plaintiffs, and judgment for them was entered on the findings. From the judgment the defendants appealed to the General Term of the Marine Court, by which it was affirmed; and from the judgment of the General Term the defendants appealed to this court.

*John H. V. Arnold*, for appellants.

*Porter & Kilvert*, for respondents.

VAN HOESEN, J.—The act of 1833 provides that "no person shall hereafter transact business in the name of a partner not interested in his firm." The question is whether the plaintiffs, by doing business in the name of a person not interested in their firm, have lost the right to recover the value of the goods which they sold to the defendants. We are first to inquire who are interested in the firm that did business under the name of Mayor, Lane & Co. It is conceded that the plaintiffs Lane and Harder were so interested. Pierre A. Mayor in his lifetime was also interested. Harder was the partner represented by the word "Co." When Mayor died he left a will in which he authorized his executors to " carry on and conduct the business that I am

engaged in in the City of New York as one of the firm of
Mayor, Lane & Co., in accordance with the terms and pro-
visions of the articles of co-partnership dated January 1st,
1875, made and entered into by and between George Lane,
Victor A. Harder and myself, and I hereby authorize and
direct my said executors to carry out the provisions of said
agreement or articles of co-partnership so far as my interest
is concerned in said business, and for such further time as,
in the judgment of my executors, will best promote the
interests of my children."

The executors, in obedience to the requirements of the
will, carried on the business in conjunction with Lane and
Harder.  The name of the old firm of Mayor, Lane & Co.
was continued in use, and the goods, to recover the price of
which this action was brought, were sold by the plaintiffs in
the name of Mayor, Lane & Co.

It was not unlawful for Mayor, the testator, to direct his
executors to continue the business.  The executors might
make themselves personally responsible, if they accepted
the trust, and carried on the business; but it was not illegal
for them to leave a part of the estate in the hands of the
surviving partners, and at the risk of the business.  They
had a right, as executors, to a share of such profits as might
be made.  The estate, as well as themselves, might be liable
to creditors for losses.  It is evident, therefore, that some
one besides Lane and Harder was interested in the business
as a partner.

It is not strictly accurate to speak of an estate as a part-
ner, for a partner must have a personal existence; but if
Lane and Harder, as well as the executors, supposed that
by the terms of the will the firm was to be continued under
its old style, notwithstanding the devolution of the interest
of Mayor upon his executors, the mistake they made was,
not in falsely pretending that Lane and Harder had a part-
ner, but in permitting the executors to transact business in
the name of their testator.  As was said by Judge Miller,
in *Wood* v. *Erie R. R. Co.* (72 N. Y. 198), the object of the
act of 1833 is "to prevent persons from obtaining false

credit on the strength of a name that has been withdrawn, or which they have no authority to use."

The act forbids the use of the name of a partner not interested in the firm. Of course, after Mayor's death he personally was no longer interested. There was at most a technical violation of a penal statute, resulting from a misunderstanding of the law. The will of Mayor, rather than the act of 1833, controlled the selection of the name under which the business was continued. But the statute was violated and a wrongful intent must be inferred from the intentional doing of the illegal act.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

As I do not feel at liberty to place a construction upon the statute that would save persons, innocently violating the law, from the consequences of their lapse from strict conformity to its provisions, and as the court of last resort may apply the law in a more liberal spirit, I favor the granting of an application for leave to go to the Court of Appeals.

VAN BRUNT and J. F. DALY, JJ., concurred.

Judgment reversed and new trial ordered, with costs to abide event.