WILHELMINA ARNSTAEDT *et al.*, Appellants, *against* ABRAHAM BLUMENFELD, Respondent.

(Decided December 28th, 1885).

Under the provision of chapter 561 of the Laws of 1880, that "in case any resident of this state shall die who, at the time of his death and for a period of five years or more immediately prior thereto, was conducting or carrying on, in his sole name, any business in this state, the right to use the name of said deceased, for the purpose of continuing and carrying on said business, shall survive," &c., the successors of such deceased person may, with the permission of his legal representatives, use his name with the addition of "& Co." as their co-partnership name in continuing his business.

APPEAL from a judgment of the General Term of the City Court of New York reversing a judgment of that court entered upon the verdict of a jury rendered by direction of the court and granting a new trial.

This action was brought by the plaintiffs to recover an amount due for goods sold and delivered to the defendant. The answer admits the sale and delivery of the goods, and

avers that the same were purchased by him from the persons carrying on business under the firm name or style of L. Arnstaedt & Co.; that in truth and fact at the time of the sale of said goods no member of said firm of the name of L. Arnstaedt was in existence, nor had any person of that name, or known by that name, any interest in said business, that L. Arnstaedt represented a fictitious person; that said co-partnership or firm name of L. Arnstaedt & Co. and the conduct of business by the plaintiff thereunder, was contrary to law and in violation of the statute.

It appeared upon the trial that on January 18th, 1882 the plaintiffs filed a certificate in the proper office, duly executed and acknowledged, of which the following is a copy:

" L. Arnstaedt and Company.

"Whereas Louis Arnstaedt, now deceased, late of the City of Brooklyn, Kings County, in the State of New York, was at the time of his death and for a period of five years prior thereto, conducting and carrying on business in the City of New York, in his own name, under the style ' L. Arnstaedt,' and the undersigned having succeeded to the business of said Louis Arnstaedt, and continuing the use of his name as aforesaid in their co-partnership under the style of ' L. Arnstaedt and Company,' permission so to do having been given by the personal representatives of said Louis Arnstaedt, the undersigned do hereby certify, pursuant to the Laws of 1880, chapter 561, that the persons dealing and intending to deal under the name and style of L. Arnstaedt and Company are Wilhelmina H. Arnstaedt, residing at Brooklyn, County of Kings and State of New York; Clement H. Bruel, residing at Brooklyn, County of Kings and State of New York; and Theodore W. Specht, residing at Brooklyn, County of Kings and State of New York; who are general partners composing said firm, the principal place of business of which is at the City of New York.

" Dated New York, January 16th, 1882.

" Wilhelmina H. Arnstaedt.

" Clement Bruel.

" Theodore W. Specht."

A verdict for plaintiffs was directed by the court and judgment for plaintiffs was entered thereon. From the judgment defendant appealed to the General Term of the City Court, which reversed the judgment and ordered a new trial. From this decision plaintiffs appealed to this court.

*Blumenstiel & Hirsch*, for appellants.

*Solomon Kohn*, for respondent.

LARREMORE, J.—[After stating the facts as above.]—It does not appear from the record that any co-partnership ever existed under the name of "L. Arnstaedt," but it was shown on the trial that one Louis Arnstaedt had carried on business in this city prior to 1882 under the style of "L. Arnstaedt." The plaintiffs cannot justify their proceedings under the "Act to prevent persons from transacting business under fictitious names," passed April 29th, 1833 (L. 1833 c. 281). There was at that time no person engaged in the business to represent an actual partner or partners. For the same reason there could be no continued use of the co-partnership name under chapter 400 of the Laws of 1854.

But chapter 561 of the Laws of 1880 seems to meet the case. The first section of that act provides that—

"Section 1. In case any resident of this state shall die who, at the time of his death, and for a period of five years or more immediately prior thereto, was conducting or carrying on, in his sole name, any business in this state, the right to use the name of said deceased, for the purpose of continuing and carrying on such business, shall survive, and in all cases where the right hereby given is exercised, such right to the use of such name shall form a part of the personal estate of such deceased, and shall pass and be disposed of and accounted for as such."

By the act last referred to, allowing the name of a deceased person to be used in carrying on the business which survived him, and making the use of such name a part of his personal estate, it is evident that the legislature intended

Arnstaedt v. Blumenfeld.

that such name should be disposed of and accounted for by his legal representatives.

The certificate above referred to shows that the plaintiffs had succeeded to the business of the deceased, continuing the use of his name in their co-partnership by permission of the legal representative of the deceased.

The act of 1880 is entirely independent of the previous acts of 1833 and 1854 so far as the use of the business name of a deceased person is concerned. The certificate filed was in conformity with the statute, and was constructive notice to all parties as to the formation of the co-partnership and the members thereof.

The statutes above referred to, being penal in their nature, should be strictly construed (*Zimmerman* v. *Ehrhard*, 83 N. Y. 74).

In the cases of *Lunt* v. *Lunt* (8 Abb. N. C. 76); *Arnold* v. *Lane* (13 Abb. N. C. 73), it did not appear that any certificate had been filed by the parties carrying on the business under a co-partnership name.

For the reasons above stated, I think the judgment of the General Term should be reversed, and that of the Special Term should be affirmed, with costs.

J. F. DALY, J., concurred.

VAN HOESEN, J., dissented.

Judgment reversed, with costs.