Barnard, P. J.
The case shows that there were two .agreements of partnership between Joseph Colwell, deceased, and Samuel S. Hepworth. By the 'first agreement Colwell owned the stock and Hepworth received half the profits for the sole management of the business. In the agreement it was provided that the wife and children of a deceased partner should succeed to his share therein for the remainder of the term, which was for five years. The deceased partner had the right to designate by will the interests of ' the wife and children as between themselves. The next agreement is based upon a continuation of the partnership .indefinitely, “ upon the same terms and conditions as those which have previously existed,” with the right to either party to terminate the partnership by a six months’ notice. In this last agreement is contained this clause, out of which *68 the question presented arises : “ In the event of the death of either, the business shall be continued by the survivor, until the expiration of five years from the 1st day of February next succeeding such death. The estate of the deceased partner to have the same share and interest in the profits, and to bear the same share of the losses of the business, as-would have been required and borne by the deceased partner had he lived; provided, however, that if the survivor shall think it necessary to employ an additional clerk in consequence of the death of the deceased partner, in which case the expenses shall be charged to, and shall be borne" by the share in the profits of the deceased partner.”
Oolwell died leaving a will 'disposing of his whole estate, but making no mention in it of the partnership, and giving, consequently, no power to the executor to continue the business. The surviving partner carried on the business under the partnership agreement, and failed in business. The business was carried on under the old firm name, and the plaintiffs are persons who are creditors of the partnership, with debts contracted subsequent to Colwell’s death.
The question therefore is, whether the general estate of Colwell is holden for these debts ? The authorities are by no means clear. It is definitely settled that death absolutely ends the partnership agreement in the absence of words continuing it after death (Martine v. International Life Ins., 53 N. Y 339).
An executor cannot carry on a business without express authority to do so by the will (Hartnett v. Wandell, 60 N. Y. 346).
Executors cannot bind the estate through a contract having for its object the creation of a new liability not founded upon the contract or obligation of the testator or intestate. They take the property as owners and must account for it to those entitled to distribution (Schmittler v. Simon, 101 N. Y. 554).
By the partnership agreement, the surviving partner' *69 carried on the business after Colwell’s death under an express agreement made by the testator, and the executors took the property of deceased as owners, without power, to continue the partnership and without power to appropriate any of the property of deceased in aid of its performance and during its continuance. A direction by the testator to apply his estate to a partnership for five years, would have been clearly illegal as against his creditors, and even his next of kin and devisees. The clause in the contract, I think, lias no greater effect, than to permit the surviving partner to take five years to close up the partnership, without intending or fairly meaning that the general estate of testator was to be bound for the new debts credited by the surviving partner after his death, other than those incurred in closing up the business. “ Nothing but the most clear and unambiguous language demonstrating in the most positive manner that the testator intends to make his general assets liable for all debts contracted in the continued trade after his -death, and not merely to limit it to the funds embarked in that trade, would justify the court in arriving at such a conclusion, from the manifest inconvenience thereof, and the utter impossibility of paying off the legacies bequeathed by the testator’s will, or distributing the residue of his estate, without in effect saying at the same time, that the payments may all be recalled if the trade should become unsuccessful or ruinous ” (Burwell v. Mandeville, 2 How. U. S. 561, 577). This language is used, it is true, in regard to a will, but the meaning as well applies to contracts.
The case shows reasons for such a construction. The property all belonged to deceased, and no expectation of a total loss can be imputed to him by the extension, and the ■clause itself provides that the clerk was to be charged “ to the share ” of the profits of the deceased partner. The clerk was not to be a general charge.
The judgment should, therefore, be affirmed, with costs.
*70 Note on Provisions for Continuing Partnership Business After Death.
The practitioner who has to draw or advise on the instruments suitable to the intention of a partner to have his interest remain in the concern after his death, will not fail to observe that the doubts entertained as to the effectiveness of a contract for control of one’s assets after death, unless executed with testamentary formalities (Ross v. Hardin, 79 N. Y. 84; S. P., 83 N. Y. 57) render it desirable to advise that not only the articles of co-parcnership, but the wills of the partners, or of the one concerned, should both cover the ground, and be in harmony with each other.
The lines on which such instruments "will be framed vary somewhat according to the object of the arrangement.
In some cases,—cases which I apprehend are becoming" more and more frequent under the modem usages of partnership, especially where articles ruy. for a comparatively short period to be renewed with such modifications as the changes of membership, etc., from time to time suggest, a leading object of such a provision is to prevent the necessity of hasty liquidation.
In others, the leading object is the desire of one of the partners to provide for the continuance of an income for his-family in case of his anticipated death. In others again, the desire of other partners to prevent being crippled by the sudden withdrawal of the capital of one whose death may be1 feared is the leading object.
In others still, the desire to organize the firm for a longer existence than it would have if subject to dissolution on death, and to approach as near as may be to the continuing power of a corporation, without the corporate incident of entitling a majority in interest to exclude a minority from a voice in the1 management.
The following precedents may servé as a useful illustration of the manner in which the will and the articles should fit each other, the way in which any idea of objection .to an unlawful suspension of the power of alienation for more than *71 two lives may be excluded, and the way in which the power of the survivors to go on, and the option of the executor or administrator of the deceased to come in, may be harmonized.

Stipulation in articles, for continuance of business after death of a partner.

In the event of the death of either partner during the term hereby provided for, the survivors may continue the business with or without the co-operation of the representatives of the deceased as hereinafter provided, until the expiration of said term [or, of years ; or, of the calendar year in which such event occurs], or during so much thereof as such survivors may in their judgment deem best; and it shall be optional with the executor or executors, or administrator or administrators, or other legal representative of the estate of the deceased partner, whether or not, he, she or they will, or will not, continue the business as a partner in said firm, in conjunction with the surviving partners ; but whether he, she or they elect to do so or not, or «fail to exercise such election, the share, property and interest of the deceased in the property, assets, credits and effects of the partnership hereby formed, shall remain in the business of said firm hereby formed for the purpose of the continuance of said business, for the benefit of the survivors and the estate of the deceased until the expiration of said term [or, of years; or, of the calendar-year in which such death of a partner shall have happened]> or during so much thereof, and no more, as both the other-partners [or if there are more than two, name one or two and no morel shall survive and may deem it best, as aforesaid, so to continue it; and such share, property and interest of the deceased in said firm, but not his estate or assets generally, shall be liable for the debts contracted and losses incurred in said business meanwhile.

Testamentary provision corresponding to stipulation in articles.

Whereas, by the articles of co-partnership of the firm of A. B. & Co., of which firm I am now á member, bearing date *72 the day of , 18 , the two surviving members of the firm are in case of my death during the term of said partnership, to continue the business until the expiration of the term thereof [or, of years; or, of the calendar year in which my death occurs], or, so much thereof as such survivors shall both survive, and shall in their judgment deem best: Now it is my will and I hereby direct, that in case of my death during the continuance of said partnership, and before the expiration of the time limited for its continuance, and leaving my said two partners surviving, my share, property and interest in the property, assets, credits, and effects of said firm, shall remain in the business of said present firm for the purpose of the continuance of said business and the advantageous liquidation thereof without .sacrifice, for the benefit of the survivors and of my estate respectively, until the expiration of the term thereof [or, of years ; or, of the calendar year in which my death shall happen], or during so much thereof, and no more, as both of my said two partners shall survive me, and may in their judgment deem it best to continue such business according to our said partnership articles, it being the intent and meaning hereof, that during the joint lives of said two survivors only, and in no event beyond the expiration of the term in said articles fixed [or, of years ; or, of the calendar year in which my death shall so occur], the liquidation of said business may be postponed as aforesaid.
[And in consideration of the undertaking thus expressed on the part of mv said two partners, provided they survive me, I hereby bequeath and release to them all my interest in and right to the good-will and use of the said firm name, to have and to hold to them, their representatives and assigns.]
II. Subject to the foregoing provisions I hereby give to the executor of this my will, hereinafter appointed, his survivor or successor, power in his discretion to bargain, sell and convey at private sale, and on such terms and for such prices as to him shall seem' best, all my share, property and interest in said stock and assets of the firm in which I may be a partner or interested at the time of "my death, and of the preceding firm or firms which such firm shall have succeeded» and also my right, title, and interest in and to any real estate in *73 •anywise belonging to or held by or for any such firm or firms.
I hereby give also to my said executor, his survivor or successor, power in his discretion to bargain, sell and convey .any and all of my estate not hereinbefore mentioned, both real and personal, at public or private sale, and on such terms .and for such prices as to him shall seem best.
Notes of Cases on the Subject.
See a short note on testamentary direction to continue partnership business, in 9 Abb. N. C. 8.
For a note on the power of a surviving partner in respect to the assets and business, see 17 Abb. N. C. 172.

Stipulation in Articles that Share shall Remain in the Business.

Edgar v. Cook, 4 Ala. 588.
A clause in partnership articles, by which the partners agree that "the partnership shall continue for a specified time, notwithstanding the death of one or more of the partners, has not the effect to render the general estate of a deceased partner liable at law upon a contract (promissory note here) made by the surviving partners. Here there was no will, the administrator took no part in the business. The case was submitted to the court on an agreed statement of facts. Judgment for the administrator defendant. Affirmed.
Ex parte Blakeley’s Ex’rs, 3 McN. & G. 726.
By the provisions of a joint stock company’s deed of settlement, the company was to continue for forty years, and it was thereby in effect provided that no proprietor of shares should ever be discharged from his liability to the company until Home other proprietor should 'have been substituted under the same liability as attached to the original proprietor. The deed also provided that the executor of a deceased proprietor should not be deemed a proprietor until he should be duly admitted as such. The company being wound up under the joint •stock companies’ winding-up acts, the master placed the executors in the list of contributories. A motion was then made that the list might be amended, by restricting the liability of the executors to the debts ■of the company owing at the time of the testator’s decease. The order denying the motion was affirmed. The Lord Chancellor said: “A proprietor of shares has died; no new proprietor has been substituted in his stead. The question is whether the liability to which the deceased proprietor would have been subject, had he lived, has been determined *74 by the substitution of a new proprietor in his stead. . . As the articles of partnership give to the estate of the deceased proprietor the-benefit of all such profits as may accrue up to the time of a- new proprietor being substituted, it is consistently provided that the liability of the estate shall be continued up to the same period.”
Stanwood v. Owen, 14 Gray, 195.
A stipulation in partnership articles, that in case of the decease of either partner, the business may be carried on for one year by the survivor, for the mutual benefit of both parties, does not, in case of the death of one partner, justify the allowance against his insolvent estate of a debt contracted by the survivor within the year, with one who-had notice of the death. Affirming decision of the commissioners of insolvency disallowing such claims.
Wilson v. Simpson, 89 N. Y. 619.
Notwithstanding a provision in articles of copartnership, that in-case of death it shall not be necessarily dissolved, the survivors cannot, after the death of one of the partners, be compelled by the representatives of the deceased partner to account for the profits, if it appears-that they elected that the partnership should not be continued. .
Nat’l. Bk. v. Bigler, 83 N. Y. 51 (dictum).
It was stipulated by the articles of co-partnership, that in case of' the death of one of the partners, the survivor should continue to carry on the business for the benefit of both parties, for a time specified after such death. Held, not to authorize the survivor to bind the estate of the deceased by new accommodation indorsements, nor did it permit and make valid an indorsement of the firm, executed by the survivor,, as a renewal of an indorsement made in the life-time of the deceased,, and with his assent.
Pemberton v. Oakes, 4 Russ. 154.
The firm by substitution of, executor or appointee by will in pursuance of articles, is a new firm, so far as enforcing a contract of surety-ship made in favor of and with the old firm, the default complained, of being after-testator’s death.
Kershaw a. Matthews, 2 Russ. 63.
Where a partner has a right to appoint a person to succeed, upon his death, to his share of the business, and the person so appointed, refuses to accept that share, or to comply with the stipulations of the articles, the partnership is dissolved; but the dissolution is- not a dissolution which is wrought by the exclusion of the appointee by the surviving partners.
*75 Laughlin v. Lorenz, 48 Pa. St. 275.
The personal representatives of a deceased partner may carry on the business for, and bind his estate, where a covenant to that effect existed in the articles of copartnership. The mode of closing the business of the old firm is by the creation of a new one, composed of the surviving partner and the representatives of the deceased; and the creditors of the new firm are clothed with the equities of that firm against the estate■ of the decedent, arising out of the payment by the new firm of the debts of the old.
Downs v. Collins, 6 Hare, 418, 436.
The option reserved to the executors of the deceased partner to-enter into the partnership with a surviving partner, must be accompanied by the obligation on the part of the surviving partner to admit them; and unless the option be confined to the representatives of the partner who shall die first, the surviving partner must have the option of entering into the partnership with the representatives of the deceased partner, with the same accompanying obligation on their part to admit him.
Pigott v. Bagley, 1 McL. & Y. 569.
By partnership articles it was stipulated that the partnership should continue nineteen years, and that if either of the partner should die during the term, the widow, or other legal personal representative of the partner so dying, should be let into the partnership and become a partner, in the same manner and upon the same terms and conditions. Held, that this was not an absolute, or imperative obligation on the widow or personal representative to become a partner, but only an option so to do, with a stipulation by the surviving partner to admit them. Held, also, that the widow or personal representative was entitled to a rea. sonable time to inspect and examine the partnership accounts, but not to have the accounts taken before election. Dismissing bill for account conditionally.
Madgwick v. Wimble, 6 Beav. 495.
Surviving partners insisted on continuing the business with the assets of a deceased partner, notwithstanding a partnership stipulation that a son of one partner, or in case of his minority, the executor should, on the death of such partner, succeed to his share ; the court considered that it was an option and not an obligation.
Where the executor or administrator by the articles of co-partnership has the option of continuing, he must give notice of his election. Madgwick v. Wimble, 6 Beav. 501; Holland v. King, 7 M. G. & S. 737 (holding that merely taking out letters of administration is not equivalent to such notice).

*76
Testamentary direction that share remain in the business.

Burwell v. Mandeville, 2 How. U. S. 576.
Testator, after disposing of his estate, provided as follows : “ It is <my will that my interest in the co-partnership subsisting between D. 0. and myself, under the firm name of D. 0. & Co., shall be continued therein until the expiration of the term limited by the articles 'between us, the business to be conducted by the said D. 0., and the profit or loss to be distributed in the manner the said articles provide.” A bill was filed against his executor and D. 0. to compel the payment out of the general assets, of a promissory note and draft, made by D. C. & Co. after his death. The order dismissing the bill below was affirmed. Judge Story in a very able opinion lays down the following ■principles:. “A partner may by his will provide that the partnership shall continue notwithstanding his death, and if it is consented to by the surviving partner, it becomes obligatory, just as it would if the testator, being a sole trader, had provided for the continuance of his trade by his executor, after his death. But, then, in each case the .agreement or authority must be clearly made out ; and third persons, having notice of the death, are bound to inquire how far the agreement or authority to continue it extends, and what funds it binds, and ,if they trust the surviving party beyond the reach of such agreement, or authority, or fund, it is their own fault, and they have no right to -complain that the law does not afford them any satisfactory redress.”
It was concluded that in this case,—there being no doubt that the testator intended to dispose of the whole of his estate,—that it was .therefore his intention that only the funds already embarked in the -business are to be liable.
Hankey v. Hammock, Buck, 210.
The testator, after certain pecuniary legacies, devised and bequeathed the residue of his estate to his wife'for life, and desired that she should ■carry on his trade for the benefit of herself and children. He also ■ directed that if upon examination of his business it should be found that his trade should be declining, then all this said residuary interest, except certain buildings, should be sold by his executors and invested until the youngest child should attain 21 years of age. The widow ■carried on the business, but lost to such an extent that the executors seized the stock and sold it.
The debts due the plaintiffs were contracted in the course of the .trade and for the benefit thereof, upon the credit of the testator’s will. The cause coming on for further directions on the master’s report, it *77 was ordered that in case the sum realized from the sale of the stock in trade should be insufficient for the payment of the plaintiffs’ costs- and debts, such deficiency be paid by the defendants (trustees) out of the assets of the testator.
Judge Story is emphatic in the belief that this case has been overruled by the later cases ; and the language of Lord Eldon in Exp.Garland, 10 Ves. Jr. 120, sustains such a conclusion.
Pitkin v. Pitkin, 7 Conn. 307.
A. B. & 0., being partners in a manufacturing business, A. by will directed Iris interest, buildings, machinery, stock, privileges and profits, to be continued four years after his decease; at the expiration of which time, this property and the profits accruing thereon, together with all the testator’s other estate, real and personal, should be-divided and distributed to D. and others. B., the executor of A., after A.’s death, carried on the business in the partnership name, 'for the time specified. It proved to be a losing concern. A large sum was due from A.’s estate to the company beyond his share of the partnership property. A large sum was also due from the company to C., who had paid a part, and would be obliged to pay the residue of the outstanding debts of the company, B. having failed and absconded. Previous to the expiration of the four years, the time limited by the court of probate, for the exhibition of claims against the estate of A. had expired, and the executor'had proceeded in the settlement of the-estate without reference to the partnership fund, and had caused distribution to be made according to the provisions of the will. In a bill in chancery, brought by 0.against the executor and devisees of A.,, it was held: 1. That the partnership creditors had no lien on the-estate in the hands of the devisees by reason of their rights to participate eventually in the profits of the trade. 2. That the general assets were not liable to the plaintiff’s claim by virtue of the téstator’slast will; and (3) that the plaintiff’s remedy was not in chancery, but by a demand on the executor, to be pursued like other claims of a general nature against the testator’s estate. Demurrer to bill sustained.
Davis v. Christian, 15 Gratt. 11, 37.
Testator directs his partnership with O. to be continued if C. will consent to it, and gives him full power over his interest in the partnership for carrying it on; and also authorizes his executors to sell all his estate to enable C. to carry on the business to greater advantage, or to pay the debts which may be due and owing from the partnership at any time during its continuance. O. and testator’s wife were made executor and executrix. Meld, the effect of this provision was not to give the *78 •executors a mere discretion to sell the real estate or not, at their pleasure, during the continuance of the partnership, but to create a trust in favor of th'e creditors of the partnership. The question arose in this way: C. and the widow having executed a deed to the defendant, a bill was filed by persons interested in the estate, to set the transfer aside, •on the ground that they were not authorized by the will to convey. Held, that the defendant’s title was good, and a decree of the lower court to a different effect was reversed.
Travis v. Milne, 9 Hare, 141.
A gift and devise by one of the partners in a cotton mill, of all his property, estate and effects, to trustees, upon trust, to lay out and invest two-third parts thereof upon real or good personal security, or to transfer the same, and allow it to remain in the concern, of which he was one of the copartners in the names of his trustees, and alter, vary, change and transpose the same as they should think fit, and stand possessed of the same upon trust, for the two sons of the testator, with •certain powers of advancement out of their respective shares: Held, to authorize the executors to continue the monies of the testator in the tirade, but not to trade with the monies by becoming partners in the firm. A
Scott v. Izon, 34 Beav. 434.
When a testator has authorized the employment of his estate in •trade, though the firm in which it is so employed becomes bankrupt, no proof cari be made against the estate of the bankrupts, in respect of the money of the testator so employed.
Fryer v. Ward, 31 Beav. 602.
A testator authorized his executors, in case his nephew and clerk ■“ should elect to carry on his business, to permit them to do so without any payment for goodwill;” the value of the stock was to be ascertained by arbitration, and to be payable by instalments within ton years. Held, that this conferred a right on the nephew and clerk as •soecific legatees, and not a mere discretion on the executors.

Testamentary direction that executor carry on business.

Smith v. Ayer, 101 U. S. 320.
At the time of bis death, A. held in his name an interest in a com-mercial firm which, he had acquired by funds belonging one-third, to himself, one-third to the children of a deceased brother, and one-third to a sister. In his will, of which B., his brother, was appointed executor, A. made a request that the whole of such interest should be retained in the firm, under the control of B., so long as the latter *79 should deem it profitable. His own interest he bequeathed to B., in trust for the latter and certain nephews and nieces, in equal proportions, to he held and controlled by B., so long as he should deem it advisable. One of the members of the firm having withdrawn therefrom, B. purchased his interest, whereupon the firm name was changed. Subsequently, to raise funds wherewith to pay loans made to the firm. B. pledged to 0. certain notes which had come into his possession as executor. Reid, 1. That, assuming the identity of the firm remained after the change of its members and name, the authority of B., as executor. to continue a specifically designated existing interest in the firm did not extend to the use in its business of any other funds or property of the estate. 2. That his use of the notes to raise funds for the firm was a misappropriation of them, and that C., having knowledge of the direction of the will, could not hold them against the claim of his representatives. The question arose in this way:
The representatives filed a bill to compel the delivery of the notes. The court below dismissed the bill, decree reversed, and ordered that a decree be entered that the notes be surrendered to the complainants.
Shearman v. Robinson, 29 W. R. 168.
Where an executor is authorized to carry on his testator’s business and employ the assets therein, creditors for goods supplied to the business (since the testator’s death) are entitled to stand in the executor’s place, and to have the benefit of his right to indemnity out of the trust' estate. But if the executor is a debtor to the business (as in this case) the creditors only get such benefit on the terms of making good the executor’s default. In the administration of the estate, the chief clerk having rejected their claims, the creditors took out summonses to vary his certificate. The conclusion reached by the court was, '1 Unless the creditors can prove that the profits of the business show a surplus after the default is made good, it appears to me they ought to get nothing.” Leave given to present a petition; assets not to be distributed until then. Summons dismissed.
Citing Ex parte Edmonds, 4 DeG., F. & J. 488; Fairland v. Percy, 23 W. R. 597.
Ex parte Richardson, 3 Mad. 138.
A testator after disposing of his property by will provided as follows: “ I declare that my executrix and executors shall be my successors for the benefit of my estate, in a business, which I now carry on in partnership with A. B., under certain articles of partnership.” The executrix continued the business with A. B. and the partners were adjudged bankrupts, after the executrix had made an advance of money from her husband’s estate to the firm. As executrix s6e proved a debt *80 for money loaned the firm. A petition was presented by the assignees-of the bankrupts to expugn this proof, because the monies advanced' by her as executrix were for the purpose of paying copartnership debts,, to the performance of which the personal representatives of the testator were bound. The vice chancellor said : “ A trustee under a willr carrying on a trade, pledges the trust property given to him for that purpose, and also his own property; but for what purpose the trust property is given to him, must depend upon the terms of the will.....In this case, all that was meant to be left to carry on. the trade was the capital in the trade; and the executrix was not authorized in employing one shilling of the assets beyond the capital.”
Petition dismissed.
Cook v. Rogers’ Adm’r, 8 Am. Law Rec. 641.
R., by a single clause in his will, directed his executor to continue,, keep up, and represent his shares and interests in three several partnerships, of each of which he was a member, until such time after his-death as said executor should think it most advantageous to his estate to sell out, or settle up and close the said shares and interests respectively, but did not use such language as to show that he intended to bind his general estate for the debts of either of these partnerships that might be incurred after his death. The partnerships were carried on after his death as. directed. Two of them made large profits which came into the hands of the executor. The other became insolvent. Held, that the creditors of the insolvent firm, whose claims accrued after the testator’s death, had no right to be paid out of the profits of the-successful partners, any more than out of any other property of testator’s estate not embarked in the insolvent partnership.
(Taken from Lindley on Partnership, p. 1064, as the above seems to-be a miscitation.)
Owen v. Delamere, L. R. 15 Eq. 134.
A testator having directed his executors, at their discretion, either to wind up or to continue his business, with power to apply the capital-employed in the business in carrying it on, and. to employ in such business any money, part of his general estate, the executors elected to continue the business, but did not, as they said (and the contrary was not proved), employ more of the assets in carrying or? the business than were so employed at the testator’s death. Upon bill by a person alleging himself to be a creditor of the business since the death, on behalf of himself and all the other creditors of the testator, seeking administration of the testator’s estate which had been employed in the business, there being no suggestion of insolvency,—Held, that the remedy *81 of the plaintiff was not an administration decree in this court, but an action at law.
Bill dismissed.
Hall v. Fennell, Ir. R. 9 Eq. 406.
A trader bequeathed to his nephew, T., the house and concerns in which he carried on his lousiness, together with the stock, etc., subject to Ms legacies, and an annuity to his wife, said annuity to be paid her by T. out of the profits of the business to be carried on by T. in the testator’s house; and in case T. should at any time wish to discontinue ■carrying on the business he directed that his wife should be paid £1,000 in full for all claims, and that her annuity should cease. He bequeathed several legacies and appointed T. his residuary legatee and executor. T. continued to carry on the testator’s trade, and became bankrupt.— Eeld, that the will did not contain such a direction to carry on the trade as would, on T.’s bankruptcy, peril the trade assets existing at the testators death, to the prejudice of the legatee. The question arose on a bill filed by a legatee against the executor and his assignees in bankruptcy, praying that the trusts under the will may be executed, for an account and sale of the personal estate, and the proceeds applied in due course of administration.
(The report does not state what was done with the bill.)
Smith v. Smith, 13 Grant's Ch. 81.
A testator’s directions to his executors to continue the business with his surviving partners, does not authorize the executors to embark any new capital in the business. So held on a bill filed by the beneficiaries for a decree declaring that certain mortgages, executed by the executors and trustees on real estate of the testator for the purpose of raising money to put in the business and pay off subsequently contracted debts of the firm, do not affect the plaintiff’s interests under the will. So decreed. Sale of property directed and payment of plaintiff’s share.
The will referred to after giving his real estate to his wife for life, with remainder to his executors in trust to sell and divide among his ¡children, provided: “ It is my will and desire that my said-wife, hereinafter named as my executrix for that purpose, should continue and .carry on the business with the surviving members of the firm of S. S. & Co., my said wife to hold the same share and interest in the said business as I do now; and the said business to be carried on for the benefit of my said wife and family now under her care and charge.”

Testamentary direction to carry on a sole business.

Cutbush v. Cutbush, 1 Beav. 184.
A testator directed his widow to carry on his business, until his *82 youngest child should attain 21 ; and for that purpose, gave her the “ entire use, disposal, and management of the capital, stock and effects which should be in, due and owing or belonging to him in his said’ trade,” at the time of his decease ; and he authorized his executors to ' augment the capita] employed therein; the executors renounced, and the widow took out administration. Meld, that the specified property of the testator only was liable to the debts contracted by the widow ini carrying on the trade. The question arose in this way ; creditors who-became such subsequently to the testator’s death, presented their claims-to the master to be allowed out of the testator’s general assets. lie rejected them. They then filed a petition praying that the master-might be directed to receive proof of them, and that the same might be paid out of the testator’s estate. The master said: 111 think the testator has not embarked more of his property in trade than was therein at the time of his death ; he intended to give a discretion as to augmenting it, not to his widow, but to his trustees and executors.” Presumably, the petition was dismissed, but the report is silent on that point.
Exp. Garland, 10 Ves. Jr. 109.
A testator directed his wife, who was also executrix and one of the-trustees under the will, to carry on his business of miller and farmer, and directed that £600 be paid her out of his personal estate to enable her to do so. The widow became a bankrupt. The surviving trustee proved under the commission the following claims against the estate: (1) This £600. (2) £1351 (value of stock and effects) and (3) £768 of testator’s assets received by her. Petition was then presented by the assignees praying that the proof may be expunged, the dividends. refunded, and that it may be declared that the whole of the personal estate of the testator is liable to all the debts contracted by the bankrupt in carrying on the trades under the will.
The' Lord Chancellor (Eldon) said : “ My opinion is that it is-impossible to hold that the trade is to be carried on perhaps for a century; and at the end of that time the creditors, dealing with that trade, are merely, because it is directed by the will to be carried on, to-pursue the general assets, distributed perhaps to fifty families.”
The order was that the proof should stand in respect of the sum of £768 ; without prejudice to filing a bill.
Thompson Andrews, 1 M. & K. 116.
Where a testator directed his business to be carried on after his death by his wife and son, and he bequeathed them all- his stock in-trade in equal shares, to be so used ; but in case of dispute between widow and' son, the whole was bequeathed to trustees to sell and hold the proceeds to the use of the widow and certain minor children. A commission .of bankruptcy was filed by the assignees against widow" *83 and son. The assignees under the commission filed a bill against the trustees named in the will and the minor children, and the question was whether the whole property of the testator was liable to the partnership debts of the widow and son, or whether the gift over to the trustees took effect, and the younger children were consequently entitled to a moiety of the produce of the sale of the leasehold premises (not given to widow and son) after the death of their mother.
Held, that part of the property alone liable, which the testator directed to be embarked in the trade. Here the wife was also one of the executors.
(It does not appear what was done with the case).
Ex parte Butterfield, DeG. Bankr. 570.
A testator directed that it should be lawful for his wife to retain in her hands and employ any sums not exceeding £6000, in carrying on the trades in which he might be engaged at his decease, and he appointed his wife and his son executrix and executor. The widow carried on the testator’s trade, taking the son into partnership, and the moneys received were placed with the bankers to their joint account. Held, on their bankruptcy, that the employment of £6000 of the assets in the trade so carried on, was authorized by the will, and gave no right of proof in competition with the joint creditors, and that the circumstances of the son being taken into partnership made no difference. The commissioner did not err in rejecting the proof.
M’Neillie v. Acton, 4 DeGex, M. & G. 744.
Testator directed his executors to carry on the business (mining) conducted by him alone during his life-time. At his death he was entitled to freehold property which he devised to his trustees in trust for his son, but subject to an annuity to his widow. His widow was made executrix, and the executor renounced. The husband of the executrix borrowed money to carry on the testator’s business, giving a mortgage on the freehold property. Eeld, on bill for foreclosure, that the mortgage was invalid, because she was not authorized to employ more of the testator’s property in the business than was embarked therein at the time of his decease.
Reconveyance of mortgaged premises directed.
Lane v. Arnold, 11 Daly, 293.
Continuing the name of a deceased partner in the firm is a violation, of the statute (L. 1833, c. 281), and the firm cannot recover for goods sold, although the use of such name is without wrongful intent, the executors having carried on the business in conjunction with the: surviving partners in obedience to the requirements of the will.
*84 Delaware, Lackawanna, &c. R. R. Co. v. Gilbert, 44 Hun, 201.
The rule is well settled that the contracts of executors, although made in the interest and for the benefit of the estate they represent, arc the personal contracts of the executors and do not bind the estate. The principle of the rule is, that an executor may disburse and use the funds of the estate for purposes authorized by law, but he may not bind the estate by an executory contract and 'thus create a liability not founded upon the contract of the testator. [Citing Austin v. Munro, 47 N. Y. 360.]
The above rule is not changed by Code Civ. Pro., § 1814 [citing Thompson v. Whitmarsh, 100 N. Y. 35; Buckland v. Gallup, 40 Hun, 61; Brigham v. Marine Natl. Bk., 41 Hun, 377]; nor will a pqwer in a will to the executor to carry on decedent’s business after his death, authorize him to create debts in the execution of that trust which can be collected out of the general assets of the estate, or upon which an notion may be maintained against him in his representative capacity. [Citing Burwell v. Mandeville’s Exr., 2 How. U. S. 560; Smith v. Ayer, 101 U. S. 320; Pitkin v. Pitkin, 7 Conn. 307; Ex parte Garland, 10 Vesey Jr. 109; Laible v. Ferry, 32 N. J. Eq. 791 ; Lucht v. Behrens, :28 O. St. 231.] lb.,
Where an action on such claim is bought in the ordinary common Haw form against the executor in his representative capacity, the court is mot authorized, after trial and verdict for the plaintiff, to direct entiy •of a judgment which provides that it shall be enforced against the ■property of the decedent’s estate invested in the business carried on by the defendant as executor, as such direction is an attempt to change the action to one in equity, which is not maintainable without showing insolvency of the estate or some other ground for equitable interference. lb.
As to whether a creditor must exhaust his legal remedy against the personal liability of the executor before he is at .liberty to foreclose his (equitable lien on the assets of the estate—Query, lb. .
Matter of Sharp, 5 Bern. 516.
In general, an executor or administrator cannot lawfully embark in tirade the assets of his decedent’s estate, even though in adopting such :a course he may verily believe that he is acting for the best interest of •the legatees or distributees, and the creditors. He has, as a rule, no ;¡power to charge the assets in his hands by contracts originating with himself. Such contracts will bind him personally, but will not bind .the estate committed to his keeping [Citing Austin v. Munro, 47 N. Y. 360].
He is not, however, bound, as of course, at the death of his dece„dent, to make immediate conversion into money of assets of the estate *85 which were employed in trade by the latter in his life-time ; but may, Within reasonable limits, make purchases and incur liabilities where such a course is demanded by the best interests of the estate, lb.
Johnson v. Kellog, 8 N. Y. State Rep. 413; abst. s. c., 26 Weekly Dig. 467.
The rule that an executor or administrator borrowing money to carry on the business of the deceased by his surviving partners cannot bind the estate, even though such act be done in the interest and for the benefit of the estate,—sustained [Citing Austin v. Munro 47 N. Y. 360].
Lambert v. Rendle, 3 New R. 247.
A testator empowered his executors or executor acting under his will to carry on his business, if they should see fit. The executors renounced probate. Meld, that the administratrix could not carry on the business under the power.

Executor continuing without authority.

If, in the continuance by an administrator of the intestate’s trade, a balance due from the intestate to a customer shall at any time in the fluctuations of a running account between the administrator and that customer, be exceeded by the administrator’s payments, the intestate’s assets cannot afterwards be made chargeable with a balance raised in. the subsequent dealing between the administrator and that customer..
Sterndale v. Hankinson, 1 Sim. 393.
The widow and administratrix of B., a grocer, continued his trade1 after his decease. No will. B., at the time of his death, was indebted to 0. on a balance of account. The administratrix continued to receive goods from, and to make payments to 0. as B. had done in his lifetime, and she was charged in account by 0. with the debt. The payments made by her to 0. exceeded the debt, but a balance was ultimately due to 0. Meld, that B.’s debt was discharged. Overruling exceptions to master’s report.
Labouchere v. Tupper, 11 Moore's Priv. Coun. R. 198.
The executor of a deceased shareholder in a joint stock banking ' company held not liable to make good out of his testator’s assets, debts contracted by the company subsequently to the testator’s death, though the shares were registered in the executor’s name, and he receives the dividends in his character of executor, the debts due at the testator’s death having been subsequently discharged by the company. Nothing was said in the will as to continuing the business. The bill filled by *86 the company’s creditors against the executor and others beneficially interested under the will, to recover on certain promissory notes. The bill was dismissed and decree of dismissal affirmed.
Wightman v. Townroe, 1 M. & S. 412.
Where the executors of a deceased partner continue nis share of the firm property in the business (without such a direction in the will) for the benefit of his infant daughter. Held, that they were personally liable upon a bill drawn for the accommodation of the partnership and paid in discharge of a partnership debt ; although their names were not added to the firm, but the trade was carried on by the other partners under the same firm name as before, and the executors, when they divided the profits and loss of the trade, carried the same to the account of the infant and took no part of the profits themselves. Assumpsit. Judgment for plaintiff.
Alsop v. Mather, 8 Conn. 584.
Where the executor of a deceased partner continues his share in trade, and carries on the business with the surviving partners, such ■executor becomes a co-partner, and is liable personally, and not in his representative character, for the debts of the company.
Lucas v. Williams, 3 Giff. 150.
A promissory note, given to a creditor by one of the executors m the name of the testator’s firm, while the executor was carrying on the business pursuant to directions in the will, but was ignorant that the estate was insolvent. Held, personally binding on the executors. Denying motion for an injunction restraining action upon the note.
Richter v. Poppenhusen, 39 How. Pr. 82.
To make the executors of a deceased partner liable personally as partners, with the surviving partner, for debts created for the benefit -of the firm, after the decease of such partner, it is necessary to show ■-that the executors voluntarily entered into the partnership and -employed the testator’s assets, which had come to them in the trade. 'There being no such evidence herein, judgment of dismissal was affirmed. (There was no direction in the will as to continuance.)
Liverpool, &c. Bank v. Walker, 4 DeGex. & J. 24.
Executor’s carried on their testator’s trade in that character (pursuant to directions in the will), and in the ordinary course of the business accepted a bill of exchange describing themselves in it simply as ■executors of their testator. Held, that neither the above circumstances, nor the form of the acceptance, relieved the estate of one of the executors, who died in the lifetime of the other, from the ordinary equitable liability upon the bill.
*87 Lomax on Executors, vol. 2, p. 467.
Where an executor of a trader only disposes of his testator’s stock, it will not constitute him a trader, even though he buy ingredients to make it marketable, but if the executor increases the stock and continues to sell, he becomes a trader.
2 Eden on Bankr. 5.
As where the executor of a wine cooper found it necessary to buy wines to refine the stock left by the testator.
Coulter v. Jones, 2 S. & R. 494.
The administrators of a deceased partner do not make themselves liable to the surviving partner for all the partnership debts by ignorantly taking possession of the partnership books and collecting some of the partnership debts.
As to executor’s liability to creditors by merely sharing profits with the surviving partners, see Holme v. Hammond, L. R. 7 Ex. 218.
Hooley v. Gieve, 9 Abb. N. C. 8.
Where trustees of an estate who are directed by the decedent’s will to withdraw it from his business and invest it in a specified manner, instead of so doing, continue the business for their own profit, using therein the trust estate, this constitutes such a breach of trust as to render their removal proper.
Action to remove the trustees and for an accounting: order removing them, and directing a reference to take an account. Affirmed.
Brower v. Creditors, 11 La. Ann. 117.
The legal representatives and widow Of a deceased partner suffered his share to remain in the firm, which was continued for some years, ■when a new firm was formed between the surviving partner and the -widow’s second husband. She intervened in the contract, and consented that the balance due her as widow in community, should remain with the new firm as a loan, on which she was to receive interest. Held, that she was a creditor of the new firm and not a partner.

Bequests to a partner.

Stubbs v. Sargon, 2 Keen, 255; affirmed in 3 M. & C. 507.
The testatrix devised certain freehold premises in which she carried •on trade, to trustees in fee, upon trust (after the decease of a person to whom she gave the beneficial interest therein for life), to dispose of and divide the same among her (the testatrix’) partners, who should be in •copartnership with her at the time of her decease, or to whom she anight have disposed of her business, in such shares and proportions as Sher trustees should think advisable. The testatrix disposed of her *88 business in her lifetime:—Held, that the devise in favor of the persons-to whom she might have ' disposed of her business, was not void, either under the statute of frauds, or on the ground of uncertainty, s. p., Holmes v. Mead, 52 N. Y. .332.
Farquhar v. Hadden, 7 Eq. 1.
F. and L. were partners entitled in equal shares. Part of the-assets consisted of leasehold premises vested in them as joint tenants, in which the business was carried on. F., by his will, bequeathed to L. “ all my share of the leasehold premises in which my business is-carried on.” After F.’s death the assets of the partnership proved insufficient to pay the partnership debts, though L. and the estate of F. were amply solvent L. bought the share of F. in the leasehold premises, without prejudice to his rights under the bequest ; and a, certificate having been made in a suit for the administration of F.’s-estate, showing that it was solvent, L. presented a petition to have it. declared that the effect of the bequest was to give him a moiety of the-leasehold, exonerated out of F.’s estate from the partnership debts, and for the return of the purchase money which he had paid.—Held, that the bequest only gave such interest in the leasehold as F. had,, namely, a right to a moiety ■ subject to payment of the partnership-debts ; and that as the partnership debts exhausted the assets the-bequest failed.
Gases illustrating the right of legatees to an account of profits made since their testators’ debts, where the executors have continued his-assets in the business in which he was a partner.
1. Executors against surviving partners : Brown v. DeTastet, Jac. 284; Smith v. Everitt, 27 Beav. 446.
2. Legatees against executors not partners, but continuing assets::
Docker v. Somes, 2 M. & K. 655; Palmer v. Mitchell, 2 M. & K. 672, n; Heathcote v. Hulme, 1 J. & W. 122.
3. Legatees against executors, who were surviving partners: Stockem v. Dawson, 9 Beav. 239; Wedderburn v. Wedderburn, 2 K. 722; Townend v. Townend, 1 Giff. 201; Willett v. Blanford, 1 Hare, 253; Flockton v. Bunning, L. R. 8 Ch. App. 323, n.

Oontinued use of firm name.

Arnstaedt v. Blumenfeld, 13 Daly, 354.
Under L. 1880,.c. 561, providing that “in case any resident of this State shall die who, at the time'of his death and for a period of five-years of more immediately prior thereto, was conducting or carrying: on, in his sole name, any business in this State, the right to use the name of said deceased, for the purpose of continuing and carrying oro *89 said business, shall survive,” etc., the successors of such deceased person may, with the permission of his legal representatives, use his-name with the addition of “ & Co.” as their copartnership name in continuing his business. [Citing Zimmerman v. Erhard, 83 N. Y. 74; and distinguishing Lunt v. Lunt, 8 Abb. N. C. 76; Lane v. Arnold, 13 Abb. N. C. 73.]
Caswell v. Hazard, N. Y. Daily Reg , March 14, 1887.
The statute allowing the continued use of partnership names (L. 1854, c. 400), is only intended to remove the objection of illegality; and does not give those continuing the business a right to the name as-against one retiring.