### WOARMS et al. v. BAUER.

*(Common Pleas of New York City and County, General Term. June 6, 1890.)*

PARTNERSHIP—ACTIONS—PARTIES—EXECUTORS OF DECEASED PARTNER.

The members of a firm agreed, in their articles of copartnership, that, if a certain partner should die before the expiration of the stipulated term of partnership, his interest should survive to his personal representatives, by whom, with the other partners, the business should be continued. The partner in question by his will directed his executors to carry out the partnership agreement. *Held*, that the agreement was valid, and that defendant, in an action for a firm debt, could not object that the deceased partner's executors were improperly joined as plaintiffs. Affirming 7 N. Y. Supp. 323.

Appeal from city court, general term.

Action by Albert L. Woarms and Louis J. Lesser individually and Albert L. Woarms and others as executors of David S. Hess to recover for work and labor performed for the defendant by the firm of D. S. Hess & Co. The complaint, after setting forth the doing of the said work, alleges that by virtue of the articles of copartnership of the firm it was mutually agreed that in the event of the demise of D. S. Hess, one of the members, before the expiration of the stipulated term of partnership, his interest as a partner in said firm should survive and accrue to and be continued by his personal representatives, and that said business should be continued by the other partners and the said representatives as copartners. It further alleges that before the expiration of the said stipulated term of partnership, and before the commencement of this action, Hess died, leaving a will, by which the plaintiffs Albert L. Woarms, Martin S. Fecheimer, and Sarah Hess were appointed as executors thereof, and were directed to carry out the provisions of the copartnership articles aforesaid; that letters testamentary have been issued to the said executors; that they qualified as such executors, and entered upon the discharge of the duties of their office, and carried out the aforesaid provisions of the copartnership articles of the firm of D. S. Hess & Co., as directed by the same. The answer denied the value of the work, labor, and services claimed, and, further answering, and as a separate and distinct defense, alleged a misjoinder of parties plaintiff. The cause came on for trial in the city court, and was duly submitted upon the pleadings, the sole question raised being the sufficiency of the defense of misjoinder of parties plaintiff. Judgment was given for the plaintiffs for the whole amount claimed, and from an order affirming the judgment defendant appeals. For opinion of the general term of the city court, see 7 N. Y. Supp. 323.

Argued before LARREMORE, C. J., and DALY and BISCHOFF, JJ.

*Donohue, Newcombe & Cardozo*, for appellant. *M. A. Lesser*, for respondents.

DALY, J. The only question in the case is whether the personal representatives of a deceased partner may be joined as parties with the surviving partners in an action upon a debt due the original copartnership where such personal representatives are directed by their testator, in his last will and testament, to continue with the survivors the business of the copartnership pursuant to the provisions of the original articles, which stipulated that, in the event of the death of the testator, his interest as partner should survive, and

accrue to and be continued by his personal representatives and the other survivors. There seems to be no possible objection to such a course. While the rule is that in the event of the death of a partner the survivors "succeed primarily to all the rights and interest of the partnership, and have the entire control of all the partnership property, and the sole right to collect partnership dues," (*Voorhis* v. *Child*, 17 N. Y. 354,) yet the rule is not applicable where, by agreement among the copartners, the interest of any one of them who survives, accrues to and is continued by his personal representatives as copartners. It is perfectly competent for copartners to make such an agreement, and for one of them to direct in his last will and testament that it be carried out by his personal representatives, and for the surviving partners and such representatives to act under such agreement. *Lane* v. *Arnold*, 11 Daly, 293. When such personal representatives are admitted by the other copartners to continue the business as succeeding to the rights and interest of the deceased, the survivors thereby waive their right to the exclusive control of the copartnership property, and their succession to all the rights and interests of the partnership, and necessarily waive their exclusive right to collect the copartnership dues. The latter right to collect and sue for the partnership debts grows out of the exclusive right to possession and control of the copartnership effects; and, if the right be waived, and the representatives of a deceased copartner are admitted to share in it, they are also admitted to the right of collection and suit. The question is one wholly in the discretion of the surviving partners, and the debtors of the firm have no ground of complaint. The defendant, therefore, cannot object to the joining of the representatives of the deceased partner with the surviving partners in this action, and the only question litigated in the court below was properly disposed of.

Upon this appeal the point is made that, as the trial was upon the pleadings, the defendant should have had leave to amend as upon the decision of the demurrer, and that the judgment should be reversed. No request for leave to amend was made in the city court, and there is nothing for us to review in that respect. The only point submitted to the court at the trial was the alleged misjoinder of parties plaintiff, the denials in the answer having been apparently waived. Had an application for leave to amend been asked for it would have been granted. It seems now to be suggested for the first time, without the city court having had the opportunity to pass upon it. As it was a matter within the discretion of that court, the application to us cannot be entertained, and the judgment cannot be reversed in order to permit such application to be made in the city court. The judgment should be affirmed, with costs. All concur.