(21 Misc. Rep. 73.)

### WILLIAMS et al. v. HAY.

(Supreme Court, Appellate Term. July 29, 1897.)

FRAUD—GUARANTY BY INSOLVENT.

    It does not constitute actionable deceit for an insolvent, without representing that he is solvent, but without disclosing the fact that he is insolvent, to give a guaranty for the performance of a third person's contract.

Appeal from First district court.

Action by Roswell C. Williams and others against Thomas A. Hay. Judgment for plaintiffs, and defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

J. W. McElhinney, for appellant.
Chas. T. Duffy, for respondents.

McADAM, J. It appears that one Martin applied to the plaintiffs for credit, and presented them with a letter of guaranty, in these words:

"Septr. 28, 1896.

"Messrs. R. C. Williams & Co.—Gent.: In consideration of the sum of one dollar to me in hand paid, the receipt of which is hereby acknowledged, I agree to become responsible for goods which may be bought of you by Mr. Edward A. Martin, of Newark, New Jersey, to the extent of one hundred and fifty dollars; this guaranty to be an abiding agreement for the said amount until I notify you in writing that I will no longer be responsible for the said account to the said amount.

"Respectfully,                                    James Hay & Co."

James Hay & Co. was the title of a corporation in which the defendant was the controlling stockholder, and also of a firm formerly consisting of the defendant's father and the defendant, which was continued by the defendant after his father's death, as successor in interest under the statute (Laws 1880, c. 561, § 1, as amended by Laws 1881, c. 389). Arnstaedt v. Blumenfield, 13 Daly, 354. If the name signed to the guaranty was intended to bind the corporation, the obligation was invalid, for the corporation could not lend its credit in this manner. 1 Mor. Corp. § 423; Baylies, Sur. 46. It was undoubtedly intended, as the defendant testified, to represent the partnership run by him under the firm name, for in the letter of guaranty the personal pronoun "I" is used three times. .The plaintiffs did not know or inquire when they received the guaranty whether James Hay & Co. represented a co-partnership or corporation, and, for practical purposes, it is quite immaterial which made the guaranty, for both concerns were insolvent when it was given. The plaintiffs, on the faith of the guaranty, sold to Martin, on credit, a bill of goods, amounting to $109.40, which has not been paid. The defendant, when he gave the guaranty, made no representations to the plaintiffs. No conspiracy or scheme of fraud between Martin and the defendant was shown, nor does it even appear that the latter gained or was to gain any profit or advantage from the transaction. The single question presented, therefore, is whether the defendant, for failure to disclose the insolvent condition of James Hay & Co. and himself, is guilty of actionable deceit, for the action is in that form, and not on the mere contract obligation.

"It is well settled in this state that an intent to defraud cannot be imputed to a party who contracts a debt knowing that he is insolvent, merely from the fact of his insolvency, and his omission upon a purchase of property upon credit to disclose such condition to his vendor." Morris v. Talcott, 96 N. Y., at page 107. And see Phœnix Iron Co. v. The Hopatcong, 127 N. Y., at page 213, 27 N. E. 841. The essential elements of an action for false pretenses are representations, falsity, scienter, deception, and injury. Arthur v. Griswold, 55 N. Y. 400; .Hotchkin v. Bank, 127 N. Y., at page 337, 27 N. E. 1050. In case of false pretenses there must be a specific representation shown, for the law exacts of every individual reasonable care to protect himself before he is permitted to charge another as the author of an injury. Brackett v. Griswold, 112 N. Y., at page 471, 20 N. E. 376. No care whatever was shown by the plaintiffs in this instance. The slightest investigation by them would have disclosed that, four days before the guaranty was given, the entire property of James Hay & Co. (the corporation) had been sold by the sheriff under five writs of execution founded on judgments; and the situation was such that the defendant could not have made any representations as to his solvency that would have induced credit to any amount. The plaintiffs and defendant had had no previous transaction, and never met until after the failure of Martin to pay his bill. There was therefore no confidential relation between the parties, and no active duty to the plaintiffs rested on the defendant. The cases cited by the plaintiffs where such

a relation existed are therefore inapplicable. There is no allegation, nor was there any proof, that Martin is insolvent. He may, for anything that appears to the contrary, be abundantly able to pay the claim without resorting to the guaranty. Mere failure to pay does not prove inability. If the plaintiffs had sued Martin for deceit, and charged him with passing a false or worthless token of guaranty upon them, some of the cases cited by the plaintiffs might be applicable.

On the proofs, there is no solid legal ground upon which the action for deceit can be sustained. The judgment must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.