BARRON v. YOST *et al.*

(*Common Pleas of New York City and County, General Term.* January 5, 1891.)

ACTION ON CONTRACT—DEFENSES.

> That the contract in suit was made by plaintiff under a name containing the designation "& Co.," not representing an actual partner, and that plaintiff carried on business under such name, contrary to Pen. Code N. Y. § 363, is not a defense, unless it appears that credit was given and reliance placed upon the false designation.

Appeal from special term.

Action by Hugh J. Barron against Fernando Yost and another to foreclose a mechanic's lien. After service of his answer, defendant Yost moved for leave to serve an amended answer setting up that the contract for doing the work and furnishing the materials alleged in the complaint was made by the plaintiff under the name "H. J. Barron & Co.," which name was fictitious, in that there was no actual partner or partners represented by the designation "& Co.," and that plaintiff was carrying on business under said fictitious name in violation of Pen. Code N. Y. § 363. The motion was denied. From the order entered thereon defendant Yost appeals. Pen. Code N. Y. § 363, re-enacting substantially Laws N. Y. 1833, c. 281, § 1, provides: "A person who transacts business, using the name, as partner, of one not interested with him as partner, or using the designation 'and Company' or '& Co.' when no actual partner or partners are represented thereby, is guilty of a misdemeanor."

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Eugene K. Sackett*, for appellant. *Phillips & Avery*, (*Frank M. Avery* and *Edgar J. Phillips*, of counsel,) for respondent.

DALY, C. J. In the case of *Lane* v. *Arnold*, 11 Daly, 293, following the current of decision in the courts of original jurisdiction in this state, we held that persons violating the statute of 1833 by doing business in the name of a party not a member of the firm, lost the right to recover for goods sold by them in that name, for, although there was only a technical violation of the statute, a wrongful intent must be inferred from the intentional doing of the wrongful act: but in view of the observation in *Wood* v. *Railroad Co.*,

72 N. Y. 198, that the object of the act of 1833 was "to prevent persons from obtaining credit on the strength of a name that has been withdrawn, or which they have no authority to use," we allowed an appeal to the court of appeals; (the case having come to us from the marine court, now the city court,) in order that the court of last resort "might apply the law in a more liberal spirit," we not feeling at liberty to place a construction upon the statute which would save persons violating the law, even innocently, from the consequences of their lapse from strict conformity to its provisions. In a case decided shortly after, (*Gay* v. *Seibold*, 97 N. Y. 472,) in the court of last resort, it was held that the statute was highly penal, should be strictly construed, and that a case is outside the statute, though within the letter, if not within the intention, of the statute; that the purpose of the statute was to protect persons giving credit to the fictitious firm on the faith of the fictitious designation, and was not needed for the protection of those who obtained credit from such a firm; and, although in that particular case it was found that the defendant knew who actually constituted the firm, and consciously transacted the business with them in their true names, and it might well be said that the statute was not even in form violated, yet the court placed its decision on the ground that "no credit was given to and no reliance placed upon the false designation, and in fact no credit whatever was given to the plaintiff." It was also added that all the parties to the transaction knew who the real parties were, and no person was deceived, and there was no possibility that any of the parties would be imposed upon or harmed by the false designation. This decision establishes the rule that it is not every case of transacting business under a fictitious name that is within the statute, but that to make the act illegal it must appear that credit was given to and reliance placed upon the false designation, and that credit was given to the person or persons using the false designation. In the case before us the proposed defense merely alleges the use of the fictitious name by the plaintiff in doing the work for the defendant, and furnishing the materials, and in making the contract therefor, and the carrying on of the business by plaintiff under the fictitious name, and that therefore the contract entered into by defendant with him was illegal and void. These facts alone, if proved, would constitute no defense under the case quoted, and the motion to amend the answer by setting them up was properly denied. The order appealed from should be affirmed, with costs. All concur.