## KILPATRICK v. VILLAUME.

(City Court of New York, General Term. November 27, 1893.)

PARTNERSHIP—CONTINUANCE OF FIRM NAME—ACTION ON NOTE TO FIRM.

Where the complaint, in an action by K. on a promissory note made by defendant to the order of K. & R., alleged that the notes were made and delivered to K., "doing business as successor to, and under the name of, K. & R.," it was no defense that R. was not a member of the firm when the notes were made, and that K. had not filed the certificate and published the notice for continuing to use the firm name, as required by Laws 1886, c. 262, as no reliance was placed on the false designation, nor was credit given to plaintiff thereon. Barron v. Yost, (Com. Pl. N. Y.) 12 N. Y. Supp. 455, followed.

Appeal from trial term.

Action by Margaret H. Kilpatrick against Henry Villaume on promissory notes. From a judgment entered on a verdict directed for plaintiff, defendant appeals. Affirmed.

Argued before VAN WYCK, NEWBURGER, and McCARTHY, JJ.

F. Jellenik, for appellant.
Kelly & Macrae, for respondent.

VAN WYCK, J. The plaintiff sues upon three promissory notes made by defendant to order of Kilpatrick & Roylance, and alleges that they were made and delivered to her "doing business as successor to, and under the name of, Kilpatrick & Roylance." The defendant resists on the sole defense that, when the notes were made, there was no such partner as Roylance, and that plaintiff had not filed the certificate and published the notice for continuing the use of such firm name, as required by statute. In the Barron Case, (Com. Pl. N. Y.) 12 N. Y. Supp. 455, Chief Justice J. F. Daly, in referring to the rule laid down in the Gay Case, 97 N. Y. 472, says:

"This decision establishes the rule that it is not every case of transacting business under a fictitious name that is within the statute, but that, to make the act illegal, it must appear that credit was given to, and reliance placed upon, the false designation, and that credit was given to the persons using the false designation; and in the case before us the proposed defense merely alleges the use of the fictitious name by the plaintiff in doing the work for the defendant, and in making the contract therefor, and in carrying on of the business by plaintiff under the fictitious name. These facts alone, if proved, would constitute no defense under the case quoted, and the motion to amend the answer by setting them up was properly denied."

This decision in the Barron Case was rendered by our appellate authority six years subsequent to the adoption of chapter 262, Laws 1886; hence the judgment must be affirmed, with costs. All concur.